**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>INTEREST RATE SWAPS ANTITRUST LITIGATION<br><br>*This Document Relates To All Actions* | :<br>:<br>:  16-MD-2704 (PAE)<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT**
**OF THE APPOINTMENT OF PLAINTIFFS' CO-LEAD COUNSEL AND TO**
**DESIGNATE BERGER & MONTAGUE, P.C. AS AN EXECUTIVE COMMITTEE**
**MEMBER TO ASSIST COURT APPOINTED LEAD COUNSEL**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................1

PROCEDURAL BACKGROUND....................................................................................................1

ARGUMENT ....................................................................................................................................2

I.  Berger & Montague Supports The Appointment of Quinn Emanuel And
    Cohen Milstein As Interim Co-Lead Class Counsel............................................................2

II. The Court Should Establish An Executive Committee To Assist Lead
    Counsel And The Court Should Appoint Berger & Montague To The
    Executive Committee...........................................................................................................3

    A.  Berger & Montague Has Performed Extensive Work Investigating The
        Claims In This Litigation .........................................................................................4

    B.  Berger & Montague Is Highly Experienced In Handling Complex
        Class Action Litigation ............................................................................................5

    C.  Berger & Montague's Attorneys And Professional Staff Are
        Knowledgeable Of The Law And Familiar With Class Action
        Litigation..................................................................................................................9

    D.  Berger & Montague Has The Resources To Effectively Represent The
        Best Interests Of The Proposed Class....................................................................10

    E.  Berger & Montague Has Extensive Experience Working With
        Proposed Co-Lead Class Counsel In Numerous Other Matters.................................11

CONCLUSION................................................................................................................................12

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Behrend v. Comcast Corp.*,
  245 F.R.D. 195 (E.D. Pa. 2007) ................................................................................................ 4

*Deangelis v. Corzine*,
  286 F.R.D. 220 (S.D.N.Y. 2012) .............................................................................................. 3

*In re Auto. Refinishing Paint Antitrust Litig.*,
  2008 WL 63269 (E.D. Pa. Jan. 3, 2008) ................................................................................... 4

*In re Cmty. Bank of N. Va. Mortgage Lending Practices Litig.*,
  2011 WL 4382942 (W.D. Pa. Sept. 20, 2011) ........................................................................ 12

*In re HSBC Bank USA, N.A. Debit Card Overdraft Fee Litig.*,
  2013 WL 3816597 (E.D.N.Y. July 22, 2013) ........................................................................... 4

*In re Municipal Derivatives Antitrust Litig.*,
  252 F.R.D. 184 (S.D.N.Y. 2008) .............................................................................................. 9

*In re Neurontin Antitrust Litig.*,
  2011 WL 286118 (D.N.J. Jan. 25, 2011) .................................................................................. 4

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
  2008 WL 1883447 (D.D.C. Apr. 28, 2008) .............................................................................. 3

*In re Target Corp. Data Sec. Breach Litig.*,
  309 F.R.D. 482 (D. Minn. 2015) ............................................................................................... 3

*In re Titanium Dioxide Antitrust Litig.*,
  284 F.R.D. 328 (D. Md. 2012) .................................................................................................. 4

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 112 (S.D.N.Y. 2010) ..................................................................................... 5, 7, 8

*Michelle v. Artic Zero, Inc.*,
  2013 WL 791145 (S.D. Cal. Mar. 1, 2013) ............................................................................... 4

*Smith v. State Farm Mutual Auto. Ins. Co.*,
  301 F.R.D. 284 (N.D. Ill. 2014) ................................................................................................ 9

**Page**

**Rules**

Federal Rule of Civil Procedure Rule 23(g) .......................................................................... 1, 2, 4

# INTRODUCTION

Pursuant to the Court's July 18, 2016 Order No. 2 (MDL ECF No. 54) and Rule 23(g) of the Federal Rules of Civil Procedure, Plaintiff Triangle T Partners, LLC submits this memorandum of law in support of (i) the appointment of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") and Cohen Milstein Sellers & Toll, PLLC ("Cohen Milstein") as interim co-lead class counsel for a proposed class of individuals and entities who bought and sold interest rate swaps (or "IRS") from the Defendant banks (the "proposed Class"); and (ii) the application of Berger & Montague, P.C. ("Berger & Montague") for the creation of and appointment to an executive committee of firms to support lead counsel, as appointed by this Court, with the prosecution of this litigation.

# PROCEDURAL BACKGROUND

The first filed class action complaint, *Public School Teachers' Pension & Retirement Fund of Chicago v. Bank of America Corporation, et al.* ("*Public School Teachers*"), 15-cv-9319 (PAE) (SDNY), was filed in this district on November 25, 2015 alleging that twelve Defendant banks and their two co-conspirator defendants conspired to restrain competition and transparency on the IRS market in violation of the Section 1 of the Sherman Act. Thereafter, additional complaints were filed in this district and in the Northern District of Illinois. On June 3, 2016, all pending matters were then transferred to this Court by order of the Judicial Panel on Multidistrict Litigation. (*See* Transfer Order (MDL ECF No. 1)).

In its Order No. 1 (MDL ECF No. 11), dated June 10, 2016, the Court appointed Quinn Emanuel as temporary lead counsel, and requested that plaintiffs submit a letter setting forth their views concerning the appointment of lead counsel. On July 8, 2016, temporary lead counsel submitted a letter describing the various positions held by plaintiffs' counsel for the appointment

of lead counsel and the creation of any supporting executive committee. (MDL ECF No. 51) On July 18, 2016, the Court's Order No. 2 directed that all applications in support of a proposed leadership structure for plaintiffs' counsel be filed by July 22, 2016. (MDL ECF No. 54)

## ARGUMENT

**I.     Berger & Montague Supports The Appointment of Quinn Emanuel And Cohen Milstein As Interim Co-Lead Class Counsel**

In a complex antitrust class action, such as this case involving claims against twelve of the largest financial institutions in the world (and their two co-conspirator defendants) for collusive conduct concerning IRS trading, it is beneficial to create a leadership structure of a small number of firms to promote judicial economy by sharing the burdens (and costs) associated with this type of challenging and risky litigation for the benefit of both the Court and the Class. While Plaintiff's counsel, Berger & Montague, are well qualified and prepared to serve in the capacity of lead counsel, Plaintiff supports the appointment of Quinn Emanuel and Cohen Milstein to serve as interim co-lead class counsel ("Proposed Co-Lead Class Counsel") recognizing their efforts to initiate the litigation and because these counsel have worked effectively and cooperatively with Berger & Montague in this litigation and numerous other antitrust class actions.

As set forth in detail in their application, filed concurrently with Plaintiff's submission, Quinn Emanuel and Cohen Milstein satisfy all of the requirements of Rule 23(g) of the Federal Rules of Civil Procedure to be appointed interim co-lead class counsel for the proposed Class. After extensive investigation, in which Berger & Montague participated, Proposed Co-Lead Class Counsel filed a well-pled complaint (the *Public School Teachers* complaint) that specifically alleges the nature of Defendants' wrongdoing and its adverse effects on the proposed Class. Plaintiff supports the appointment of Quinn Emanuel and Cohen Milstein as interim co-

lead class counsel.

## II. The Court Should Establish An Executive Committee To Assist Lead Counsel And The Court Should Appoint Berger & Montague To The Executive Committee

In light of the large number of defendants (twelve banks and two co-conspirators) and the complexity of the antitrust issues underlying this class action litigation, Plaintiff believes that any lead counsel appointed by the Court would benefit from the assistance of a small number of firms as an "Executive Committee" who are ready and available to commit resources and knowledgeable personnel to undertake various litigation tasks.

Designating a small set of firms highly experienced in the prosecution of antitrust class actions and who have demonstrated their willingness and ability to cooperatively contribute to the litigation will ease the burden to lead counsel by allowing them to delegate important non-duplicative work, such as discovery and its attendant meet and confer obligations or legal research and drafting, that will promote judicial economy in the conduct of the litigation and, ultimately, benefit the Court and the proposed Class. Indeed, courts have regularly recognized that creating an executive committee of firms to support lead counsel's efforts can be beneficial. *See, e.g.*, *Deangelis v. Corzine*, 286 F.R.D. 220, 225 (S.D.N.Y. 2012) (appointing Berger & Montague as co-lead counsel and adopting an executive committee of firms to assist co-lead counsel); *In re Target Corp. Data Sec. Breach Litig.*, 309 F.R.D. 482, 490 (D. Minn. 2015) (noting the existence of an executive/steering committee in the litigation and appointing executive/steering committee members as class counsel); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 2008 WL 1883447, at *3 (D.D.C. Apr. 28, 2008) (following appointment of Quinn Emanuel and Cohen Milstein as co-leads, approving selection of five firms to serve on

plaintiffs' executive committee).[1] Firms appointed to the executive committee would work at the direction of lead counsel to perform non-duplicative work as authorized by lead counsel.

Plaintiff respectfully submits that Berger & Montague should be one of the firms designated as part of an executive committee to assist lead counsel, at their direction, as appointed by the Court. The same factors a court considers when appointing lead class counsel also demonstrate that Berger & Montague is well-suited to appointment as a member of an executive committee here. Rule 23(g) provides that a court should consider the following four factors;

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.

Each of these factors is discussed below.

### A.     Berger & Montague Has Performed Extensive Work Investigating The Claims In This Litigation

The first Rule 23(g)(1)(A) factor is particularly significant in this case, as Berger & Montague has spent significant effort to independently evaluate and develop the case on behalf of its client, Triangle T Partners.  *See In re HSBC Bank USA, N.A. Debit Card Overdraft Fee Litig.*, No. 13 MD 2451 (ADS) 2013 WL 3816597, at *10-*11 (E.D.N.Y. July 22, 2013) (time and resources spent investigating complaint is a substantial factor in appointing interim class counsel); *Michelle v. Artic Zero, Inc.*, 12 Civ. 2063 (GPC), 2013 WL 791145, at *3 (S.D. Cal. Mar. 1, 2013) (selecting counsel who "demonstrated they have conducted more research and

---

[1] *See also In re Titanium Dioxide Antitrust Litig.*, 284 F.R.D. 328, 350 (D. Md. 2012) (court appointed executive committee structure in antitrust class action); *In re Neurontin Antitrust Litig.*, 2011 WL 286118, at *2 n.5 & *4 n.10 (D.N.J. Jan. 25, 2011) (same); *In re Auto. Refinishing Paint Antitrust Litig.*, 2008 WL 63269, at *1 (E.D. Pa. Jan. 3, 2008) (same); *Behrend v. Comcast Corp.*, 245 F.R.D. 195, 213 (E.D. Pa. 2007) (same).

investigation in developing the case"); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 121 (S.D.N.Y. 2010) (appointing counsel who had done "considerable work to identify and investigate potential claims").

Beginning in November 2015, Berger & Montague coordinated with Proposed Co-Lead Class Counsel regarding the investigation of defendants' collusive conduct in the IRS market, even though Plaintiff's complaint was filed later, on July 1, 2016. The complaint filed on behalf of Plaintiff Triangle T Partners and a proposed class of IRS investors contains detailed and extensive allegations providing essential background and information concerning, *inter alia*: (a) the IRS market; (b) the nature and scope of Defendants' conspiracy; and (c) the claims and theories of relief on behalf of the proposed class.

In sum, Berger & Montague devoted time and resources, independently and in consultation with Proposed Co-Lead Class Counsel as early as November 2015, investigating Defendants' alleged wrongdoing and to develop the theory of its case.

### B. Berger & Montague Is Highly Experienced In Handling Complex Class Action Litigation

Berger & Montague has extensive experience litigating complex, antitrust class actions, including those involving the manipulation of financial markets, financial instruments and exchange-related services by the Defendant banks. That experience is set forth in more detail below.

Described by Chambers as a "[b]outique firm with deep expertise in complex antitrust litigation," Berger & Montague pioneered the antitrust class action and has been engaged in the practice of complex and class action litigation for 46 years.[2] The firm was founded by the late

---

[2] *See* Chambers and Partners webpage, http://www.chambersandpartners.com/12931/363/editorial/5/1#77985_editorial.

5

David Berger, who pioneered class actions, the late Herbert Newberg author of the seminal "NEWBERG ON CLASS ACTIONS," and H. Laddie Montague, Jr., considered a dean of the plaintiffs' class action bar. Courts across the country have appointed Berger & Montague as lead or co-lead class counsel in hundreds of class actions, and have recognized both the qualifications of Berger & Montague in appointing the firm as lead counsel and the quality of the work performed by the firm in that capacity.[3] Berger & Montague has obtained verdicts and settlements recovering over $22 billion for class members.

The 2016 U.S. edition of The Legal 500, an international legal referral guide, has recommended Berger & Montague as a "Top Tier Firm" for representing plaintiffs in antitrust class action litigation.[4] Berger & Montague was also recently selected for both The National Law Journal's 2015 "Hot List" of the Top Plaintiffs' Law Firms in the United States and for the 2014 "Elite Trial Lawyers" recognizing "select law firms that are doing the most creative and substantial work on the plaintiffs side." Chambers USA's America's Leading Lawyers for Business has similarly recognized Berger & Montague as a Leading Antitrust Law Firm for nine consecutive years.

Merrill G. Davidoff,[5] managing shareholder at Berger & Montague, for many years has been described as a "giant in the field" of antitrust law and "very experienced, skilled, and absolutely fearless" by Chambers USA. Mr. Davidoff has been acknowledged as a "legal lion" for his work as co-lead counsel in a class action seeking to recover customer funds from the now defunct global commodities brokerage MF Global as co-lead counsel. *In re MF Global Holding*

---

[3] *See* Berger & Montague website, "About Us" webpage, http://www.bergermontague.com/about-us/honors-awards.

[4] *See* The Legal 500 webpage, http://www.legal500.com/c/united-states/antitrust/civil-litigation-class-actions

[5] *See* Berger & Montague website (attorney bio webpage), http://www.bergermontague.com/attorneys/merrill-g-davidoff.

6

*Ltd. Inv. Litig.*, No. 12-md-2338 (S.D.N.Y.). Mr. Davidoff has unrivaled experience and expertise as lead counsel in antitrust class action litigation including *In re Currency Conversion Fee Antitrust Litigation*, in which Judge Pauley of this Court granted final approval to $385.5 million in settlements and praised Berger & Montague's work.[6] Mr. Davidoff currently serves as court-appointed co-lead counsel in several major nationwide antitrust class actions pending in this District, including *In re: Commodity Exchange, Inc., Gold Futures And Options Trading Litigation*, 1:14-MD-2548-VEC (S.D.N.Y) (as co-lead counsel with Quinn Emanuel), and *In re Platinum and Palladium Antitrust Litigation*, No. 14-cv-09391-GHW (S.D.N.Y.).

Eric L. Cramer,[7] managing shareholder at Berger & Montague, has repeatedly been selected by *Chambers & Partners* as one of Pennsylvania's top tier antitrust lawyers and in 2015 was nationally ranked in the field of antitrust; highlighted annually since 2011 by *The Legal 500* as one of the country's top lawyers in the field of complex antitrust litigation; repeatedly deemed one of the "Best Lawyers in America;" and designated a "Super Lawyer" by *Philadelphia Magazine* for many years in a row. *Chambers & Partners* has observed that Mr. Cramer is "really a tremendous advocate in the courtroom, with a very good mind and presence." *Id.* Recently, Mr. Cramer and his team, with co-lead counsel Quinn Emmanuel, achieved a $130 million ground-breaking settlement in an antitrust case relating to the over-the-road fleet payment card market in *Comdata*. *Id.*

---

[6] *In re Currency Conversion Fee Antitrust Litigation*, 263 F.R.D. 110, 129 (2009) (Pauley, J.) ("Class Counsel did their work on their own with enormous attention to detail and unflagging devotion to the cause." "Class Counsel provided extraordinarily high-quality representation.  This case raised a number of unique and complex legal issues ….  The law firms of Berger & Montague and Coughlin Stoia were indefatigable.  They represented the Class with a high degree of professionalism, and vigorously litigated every issue against some of the ablest lawyers in the antitrust defense bar.").

[7] *See* Berger & Montague website (attorney bio webpage), http://www.bergermontague.com/attorneys/eric-l-cramer.

7

Michael Dell'Angelo[8] will also serve a leading role for Berger & Montague. Mr. Dell'Angelo is a member of the firm's Antitrust and Commodities & Options practice groups. The National Law Journal recently featured Mr. Dell'Angelo in its profile of Berger & Montague for a special annual report entitled "Plaintiffs' Hot List." The National Law Journal's Hot List identifies the top plaintiff practices in the country. The Hot List profile of Berger & Montague highlighted a settlement with JPMorgan Chase & Co., for $100 million in cash and other relief, stemming from the bank's role in the collapse of commodities broker MF Global. In total, the complex settlement enabled the MF Global trustee to distribute about $1 billion to MF Global's former commodity customers whom Mr. Dell'Angelo represents. A regular speaker on antitrust issues, Mr. Dell'Angelo has been designated a "Super Lawyer" by *Philadelphia Magazine* for many years in a row. Mr. Dell'Angelo currently serves as court-appointed co-lead counsel in several major nationwide antitrust class actions, including *In re: Commodity Exchange, Inc., Gold Futures And Options Trading Litigation*, 1:14-MD-2548-VEC (S.D.N.Y) (as co-lead counsel with Quinn Emanuel), *In re Platinum and Palladium Antitrust Litigation*, No. 14-cv-09391-GHW (S.D.N.Y.), *In re: Domestic Drywall Antitrust Litigation*, 2:13-MD-2437-MMB (E.D. Pa.) (as co-lead counsel with Cohen Milstein), and *Le et al v. Zuffa, LLC*, 15-cv-01045-RFB-PAL (D.NV.) (as co-lead counsel with Cohen Milstein) *Id.* Mr. Dell'Angelo also serves as court appointed co-lead counsel in *In re MF Global Holding Ltd. Inv. Litig.*, No. 12-md-2338 (S.D.N.Y.).

The lead attorneys who will be responsible for the day to day work in this case—Messrs. Davidoff, Cramer and Dell'Angelo—have considerable expertise not only prosecuting antitrust class actions generally, but specifically in antitrust class actions involving the manipulation of

---

[8] *See* Berger & Montague website (attorney bio webpage), http://www.bergermontague.com/attorneys/michael-dell'angelo

8

financial markets, financial instruments and financial benchmarks by large banks. Messrs. Davidoff, Cramer and Dell'Angelo serve or have served as co-lead counsel or class counsel in a number of prominent antitrust cases in this District involving the manipulation of financial markets, financial instruments and financial benchmarks by large banks including: *In re: Commodity Exchange, Inc., Gold Futures And Options Trading Litigation*, 1:14-MD-2548-VEC (S.D.N.Y) (as co-lead counsel with Quinn Emanuel), *In re Platinum and Palladium Antitrust Litigation*, No. 14-cv-09391-GHW (S.D.N.Y.); *In re: Libor-Based Financial Instruments Antitrust Litigation*, No. 11-md-2262 (S.D.N.Y.); *In re: North Sea Brent Crude Oil Futures Litigation*, No. 13-md-2475(S.D.N.Y.); *Alaska Electrical Pension Fund v. Bank of America Corp et al.*, No. 14-cv-7126(S.D.N.Y.); *In re: Crude Oil Commodity Futures Litigation*, No. 11-cv-3600 (S.D.N.Y.); *In re London Silver Fixing, Ltd. Antitrust Litigation*, No. 14-md-2573(S.D.N.Y.); *Asbestos Workers Philadelphia Welfare Fund v. Bank of American, et. al,* No. 16-cv-5269 (S.D.N.Y.); and *In re: Treasury Securities Auction Antitrust Litigation*, 15-md-2673, 16-mc-2673-PGG (S.D.N.Y.).

This record reveals that Berger & Montague has decades of experience successfully litigating complex antitrust class actions where it has earned an outstanding reputation as a premier class action litigation firm. Plaintiff respectfully submits that Berger & Montague is well qualified to litigate this case on behalf of the proposed Class as a member of a small executive committee of firms designated to assist lead counsel.

### C.     Berger & Montague's Attorneys And Professional Staff Are Knowledgeable Of The Law And Familiar With Class Action Litigation

As described in detail above, Berger & Montague personnel have decades of experience prosecuting complex antitrust class actions.  The firm's attorneys have acquired extensive knowledge of the applicable substantive and procedural law over the course of their careers,

including with matters (such as the antitrust cases listed above) presenting issues similar to the antitrust claims here. Berger & Montague professional staff are also knowledgeable and well versed in the law and procedure pertaining to complex antitrust class actions.

### D. Berger & Montague Has The Resources To Effectively Represent The Best Interests Of The Proposed Class

When a Court appoints counsel to represent a proposed class, it must satisfy itself that counsel can "commit sufficient attorney time and financial resources to vigorously prosecute the putative class's claims." *Smith v. State Farm Mutual Auto. Ins. Co.*, 301 F.R.D. 284, 289 (N.D. Ill. 2014); *In re Municipal Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186-87 (S.D.N.Y. 2008) (appointing firms that were capable of "expend[ing] considerable resources when representing the plaintiffs"). The ability (and willingness) of counsel to contribute resources is especially important where, as here, the defendants are large corporations with "substantial financial and legal resources." *Municipal Derivatives*, 252 F.R.D. at 186-87.

As Courts in this District have recognized, Berger & Montague is prepared to commit the considerable financial and personnel resources necessary to effectively prosecute complex class actions as it is prepared to do so on behalf of the proposed Class in this case.[9] Indeed, the 2016 Edition of The Legal 500 observed that "[m]ore than half of Berger & Montague, P.C.'s 60 lawyers sit in the antitrust department, making it one of only a few plaintiff firms able to handle a high volume of complex, high-profile cases."[10] Berger & Montague has already devoted its considerable resources to coordinate with Proposed Co-Lead Class Counsel.  Further, Berger & Montague's track record with complex antitrust class actions demonstrates the firm is committed

---

[9] *See In re MF Glob. Holdings Ltd. Inv. Litig.*, 2015 WL 4610874, at *6 (S.D.N.Y. July 20, 2015) (appointing Berger & Montague as co-lead counsel and finding the firm "demonstrated a commitment to continue [] vigorous prosecution of the action and to devote all resources necessary in order to obtain the best possible result for the" class).

[10] *See* http://www.legal500.com/c/united-states/antitrust/civil-litigation-class-actions.

to prosecuting difficult (and risky) matters: in the decades that Berger & Montague has been prosecuting complex actions that have required tremendous financial resources, the firm has consistently advanced litigation costs in other matters of equal or greater size than the present case, and in doing so, has successfully litigated matters through settlements, trials and appeals. And, as discussed in the preceding sections above, Berger & Montague has already lent considerable assistance in this litigation and the firm is prepared to commit knowledgeable attorneys and professional staff to facilitate the efficient prosecution of this litigation.

### E.   Berger & Montague Has Extensive Experience Working With Proposed Co-Lead Class Counsel In Numerous Other Matters

Rule 23(g)(B) also provides that a court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." One such factor in this case is Berger & Montague's established track record of working closely, effectively and efficiently with both Quinn Emanuel and Cohen Milstein in numerous other matters, including, as already noted, the shared efforts of these three firms with the early investigative work on the claims in this case.

For example, Berger & Montague and Quinn Emanuel have worked together effectively on antitrust class actions. They are currently court appointed co-lead counsel in *In re Commodity Exchange, Inc., Gold Futures & Options Trading Litig.*, 14-md-2548 (S.D.N.Y.), and served as co-lead counsel in *Marchbanks Truck Service Inc., et al. v. Comdata Network, Inc., et al.*, 07-1078 (Ed. Pa.). Similarly, the firms have worked together on other antitrust class actions in which Quinn Emanuel served as court appointed lead counsel and Berger & Montague served as class counsel, including *Alaska Elec. Pension Fund, et al. v. Bank of America Corp., et al.*, 14-cv-7126 (S.D.N.Y.), and *In re: Treasury Securities Auction Antitrust Litigation*, 15-md-2673, 16-mc-2673-PGG (S.D.N.Y.).

11

Berger & Montague has likewise served as court appointed co-lead counsel with Cohen Milstein in numerous antitrust class actions, as well as many others cases, including *Le et al v. Zuffa, LLC*, 15-cv-01045-RFB-PAL (D. Nev.), *In re Domestic Drywall Antitrust Litigation*, 13-md-02437-MMB (E.D. Pa.), *In re Dental Supplies Antitrust Litigation*, No. 1:16-CV-00696-BMC-GRB (E.D.N.Y.), and *In re Pre-Filled Propane Tank Antitrust Litig.*, MDL No. 2567, Master Case No. 14-md-02567 (W.D. Mo.). The two firms have also worked together in other antitrust class action in which Cohen Milstein served as court appointed lead counsel and Berger & Montague served as class counsel, including *In re Urethane Antitrust Litigation*, MDL No. 1616 (D. Kan.), *In re Ductile Iron Pipe Fittings ("DIPF") Direct Purchaser Antitrust Litigation*, 12-711 (AET)(LHG) (D.N.J.), and *In re Cast Iron Soil Pipe and Fittings Antitrust Litigation*, 14-md-2508 (E.D. Tenn.).

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that that Court appoint Quinn Emanuel and Cohen Milstein as interim co-lead class counsel, and that the Court appoint Berger & Montague as a member of an executive committee of firms designated to assist lead counsel in this matter.

Dated: July 22, 2016

        Respectively submitted,

        **BERGER & MONTAGUE, P.C.**

By:   */s/ Merrill G. Davidoff*
       MERRILL G. DAVIDOFF
       ERIC L. CRAMER
       MICHAEL C. DELL'ANGELO
       DAVID A. LANGER
       1622 Locust Street
       Philadelphia, PA 19103
       Tel:  (215) 875-3000
       Fax:  (215) 875-4604
       mdavidoff@bm.net
       ecramer@bm.net
       mdellangelo@bm.net
       dlanger@bm.net