USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/3/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
IN RE:

INTEREST RATE SWAPS ANTITRUST LITIGATION

*This Document Relates to All Actions*
------------------------------------------------------------------ X

16-MD-2704 (PAE)
16-MC-2704 (PAE)

OPINION & ORDER NO. 4

PAUL A. ENGELMAYER, District Judge:

**[Regarding Appointment of Interim Co-Lead Counsel and Counsel Structure for Putative Plaintiff Class, and Designation of Liaison Counsel for Defendants]**

Before the Court are (1) applications from various plaintiffs' counsel seeking appointment as interim lead counsel and/or seeking a position on a formal or informal committee to represent the interests of the members of the putative investor class in this multidistrict antitrust litigation, and (2) a recommendation from defendants for the designation of liaison counsel.

At the outset, the Court thanks Temporary Lead Counsel for their work in collecting and presenting the views of the parties and their counsel regarding potential leadership structures. The Court also thanks all counsel who applied for leadership positions for their interest, for their helpful written submissions, and for their presentations at the initial pretrial conference. The Court benefitted from hearing about counsel's experiences and perspectives as to a leadership structure that will most effectively and efficiently represent the interests of the putative class.

Below, the Court appoints interim co-lead counsel for the putative plaintiffs' class, pre-approves three law firms to provide support to interim co-lead counsel at interim co-lead counsel's sole discretion, and designates liaison counsel for defendants.

**I.     Background**

The claims in this action arise out of an alleged conspiracy to reduce competition in the market for Interest Rate Swaps ("IRS").  Defendants consist of 12 groups of corporate affiliates of large financial institutions ("banks") which, as alleged, participate in this market, and two market operators.  Plaintiffs allege that the banks enjoyed favorable IRS pricing as a result of having special access to exchange-like platforms, while colluding among themselves and with the two market operators to discourage the development and introduction of trading platforms that would have resulted in superior pricing for others.  There are two types of plaintiffs in this MDL: a putative class of investors who purchased IRS products in the over-the-counter ("OTC") market from the defendant financial institutions (the "putative class"), and two entities that sought to provide exchange-like trading platforms for IRS products.  Insofar as this Opinion and Order concerns the appointment of plaintiffs' counsel, it applies only to the putative class.

The first investor class action complaint was filed on November 25, 2015 by the Public School Teachers' Pension and Retirement Fund of Chicago ("CTPF"), represented by Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein"), Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), and Jacobs Burns Orlove & Hernandez ("Jacobs Burns").  15 Civ. 9319, Dkt. 1.[1]  On February 25, 2016, CTPF filed an amended complaint, adding as a plaintiff the Mayor and City Council of Baltimore, represented by Susman Godfrey L.L.P. ("Susman Godfrey").  15 Civ. 9319, Dkt. 121.

Since that first complaint was filed, seven other class actions have been filed.  On February 18, 2016, Harrison County, Mississippi, Magnolia Regional Health Center, and Cullman Regional Health Center, Inc. filed their complaint, represented by Kellogg, Huber,

---

[1] All case numbers refer to docket numbers in the Southern District of New York.

Hansen, Todd, Evans & Figel, P.L.L.C. ("Kellogg Huber"), Korein Tillery, LLC ("Korein Tillery"), McCulley McCluer PLLC ("McCulley McCluer"), Badham & Buck LLC ("Badham & Buck"), Boni & Zack LLC ("Boni & Zack"), Boyce Holleman & Associates ("Boyce Holleman"), Fuller, Willingham, Fuller & Carter, LLC ("Fuller Willingham"), Fine, Kaplan and Black, R.P.C. ("Fine Kaplan"), and Mike Moore Law Firm, LLC ("Moore"). 16 Civ. 4561, Dkt. 1. On May 4, 2016, the Policemen's Annuity & Benefit Fund of Chicago filed its complaint, represented by Korein Tillery, Scott+Scott, Attorneys at Law, LLP ("Scott+Scott"), and Louis F. Burke PC ("Burke"). 16 Civ. 4566, Dkt. 1. On May 23, 2016, the City of Philadelphia filed its complaint, represented by Korein Tillery, Obermayer Rebmann Maxwell & Hippel LLP ("Obermayer"), Boni & Zack, Scott+Scott, Kellogg Huber, and Fine Kaplan. 16 Civ. 4563, Dkt. 1. On May 27, 2016, the Kansas City, Missouri Employees' Retirement System filed its complaint, represented by Bernstein Litowitz Berger & Grossmann LLP ("BLBG") and Hausfeld LLP ("Hausfeld"). 16 Civ. 4005, Dkt. 1. On June 1, 2016, the Genesee County Employees' Retirement System filed its complaint, represented by Labaton Sucharow LLP ("Labaton Sucharow") and Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz"). 16 Civ. 4089, Dkt. 1. On June 7, 2016, LD Construction LLC, LDLJ Associates, L.P., Lawrence W. Gardner and David Gardner filed their complaint, represented by Hagens Berman Sobol Shapiro LLP ("Hagens Berman"). 16 Civ. 4239, Dkt. 1. On July 1, 2016, Triangle T Partners, LLC filed its complaint, represented by Berger & Montague, P.C. ("Berger & Montague"). 16 Civ. 5260, Dkt. 1.

      On June 10, 2016, the Court issued an Order that, *inter alia*, designated Quinn Emanuel as Temporary Lead Counsel for the plaintiff class, and directed plaintiffs to file a letter addressing the advisability of appointing lead and/or liaison counsel and a steering committee to

support lead counsel, and the process for making such appointments. 16-MD-2704, Dkt. 11 (Order No. 1).[2] On July 8, 2016, plaintiffs filed a letter expressing the views of the various plaintiffs and their counsel. Dkt. 51. On July 18, 2016, the Court directed any plaintiff's counsel seeking appointment to a leadership position to file an application by July 22, 2016. Dkt. 93 (Order No. 2).

On July 22, 2016, the Court received leadership applications from Quinn Emanuel and Cohen Milstein (jointly), Dkts. 74–76, Hagens Berman, Dkt. 77, Berger & Montague, Dkts. 79, 83, Susman Godfrey, Dkt. 81, Labaton Sucharow, Dkts. 82, 84, Hausfeld and BLBG (jointly), Dkt. 85, Kellogg Huber, Dkts. 90–91, and Korein Tillery and Scott+Scott (jointly), Dkts. 90–91, 95. The Court also received a joint letter from the two individual plaintiffs, Tera Group, Inc. and its affiliates ("Tera"), and Javelin Capital Markets LLC and its affiliate ("Javelin"), supporting Quinn Emanuel and Cohen Milstein's application. Dkt. 73.

On July 26, 2016, the Court held an initial pretrial conference, addressing a range of case management issues. At the conference, plaintiffs' counsel were given an opportunity to share their views on the optimal structure for the representation of the class. The Court also stated it would afford any plaintiff's counsel the opportunity to submit a written response to the leadership applications that had been submitted by others, but none indicated a desire to do so. The Court also requested that defendants designate one or two firms to serve as liaison counsel, for the limited purpose of facilitating communications with the Court. On July 29, 2016, defendants designated Adam S. Hakki and Richard F. Schwed of Shearman & Sterling LLP ("Shearman & Sterling") and Kenneth A. Gallo and Julia Tarver-Mason Wood of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"). Dkt. 96.

---

[2] Unless otherwise specified, all remaining references to docket entries are to 16-MD-2704.

## II.    Discussion

### A.    Legal Standard

Federal Rule of Civil Procedure 23(g)(3) ("Rule 23(g)(3)") provides that the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the class." "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual For Complex Litigation (Fourth) § 21.11 (2004) ("MCL"). "When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (citing *In re Air Cargo Shipping Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006)).

Rule 23(g)(1)(A) requires the Court to consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A). "When more than one choice of counsel satisfies these requirements for adequacy, Rule 23(g)(2) provides that the court 'must appoint the applicant best able to represent the interests of" the plaintiffs." *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. at 186 (quoting Fed. R. Civ. P. 23(g)(2)).

### B.    Application

Upon consideration of the factors specified by Rule 23(g)(1)(A), the Court finds that Quinn Emanuel and Cohen Milstein are the two firms best able to represent the interests of the proposed plaintiff class. All counsel who submitted leadership applications have impressive

records of experience and success in prosecuting class claims, including serving as lead or co-lead counsel in antitrust class action litigations. Each appears to have deep knowledge not only of class action law and procedure, but also of substantive antitrust law. Further, each firm has expressed a commitment to dedicating its resources to representing the interests of the class. As such, the second, third, and fourth Rule 23(g) factors, although in certain particulars marginally favoring certain applicants, do not strongly drive the Court's decision here.

However, the Court finds, the first Rule 23(g) factor compellingly favors appointment of Quinn Emanuel and Cohen Milstein as interim co-lead counsel. As their application emphasizes, Quinn Emanuel and Cohen Milstein jointly filed the first class action complaint on behalf of CTPF, Cohen Milstein's client. Critically, the firms did so not by piggybacking on an existing government investigation or enforcement action, but by undertaking an independent investigation. The firms represent that they interviewed dozens of market participants and confidential witnesses and consulted leading experts. The firms estimate that these efforts cost Quinn Emanuel close to $1 million, lasted more than six months, and entailed the retention of an expert. Dkt. 74, 1–2, 4–10. The letter from Tera and Javelin supporting appointment of these firms confirms that Quinn Emanuel and Cohen Milstein's investigative efforts were extensive. Dkt. 73, at 1–2.

Important, too, as the chronology described above reflects, it was the CTPF action that catalyzed the filing of the later actions. Although the Court has no doubt that the other counsel seeking leadership positions also invested a degree of time and energy investigating the claims of their clients before filing their complaints, the Court's assessment is that the efforts undertaken by Quinn Emanuel and Cohen Milstein were more generative and exceeded the investigative

work of the other applicants by an order of magnitude.  Therefore, the first Rule 23(g) factor strongly favors appointing Quinn Emanuel and Cohen Milstein as interim co-lead counsel.[3]

The Court further finds that appointing two interim co-lead counsel is most likely to produce efficient and effective representation.  As to the number of counsel, the appointment of two interim co-leads ensures that there are sufficient resources available to prosecute the class's claims.  It also provides a safeguard in the event that a firm-specific conflict arises that inhibits one of the interim co-lead counsel from taking on an aspect of the representation.  At the same time, in the Court's view, for the reasons expressed by various counsel during the initial pretrial conference, having more than two interim co-lead counsel will likely yield needless duplication of effort and inefficient decision making.  Indeed, appointing two co-lead counsel has become a common practice in this District in connection with similar putative antitrust class actions.  *See, e.g.*, *In re Platinum and Palladium Antitrust Litig.*, 14 Civ. 9391, Dkt. 32 (S.D.N.Y. Mar. 20, 2015); *In re Credit Default Swaps Antitrust Litig.*, 13-MD-2476, Dkts. 244 (S.D.N.Y. Dec. 5, 2013), 255 (S.D.N.Y. Dec. 13, 2013).

Having reflected carefully on the support structure available to the co-lead counsel, the Court does not find that, in this case, appointing a formal committee of plaintiffs' counsel is necessary or beneficial to the class's interests.  The creation of a formal committee is "most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making."  MCL § 10:221.  The Court does not perceive any such divergent interests here—a view shared by various plaintiffs' counsel at last week's initial pretrial conference.  In addition, the Court's firm view is that creating a formal

---

[3] Quinn Emanuel and Cohen Milstein's application to be appointed as interim co-lead counsel is supported not only by the Tera and Javelin plaintiffs, but also by three firms representing putative class members: Hagens Berman, Susman Godfrey, and Berger & Montague.

committee with vested responsibilities here (whether for oversight, mandatory consultation, or otherwise) would lead to unnecessary duplication of work and hinder efficient decision making. *See, e.g.*, *In re London Silver Fixing, Ltd., Antitrust Litig.*, 14-MD-2573, Dkt. 17 (S.D.N.Y. Nov. 25, 2014) (appointing interim co-lead counsel but not a formal committee); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 11-MD-2262, Dkt. 90 (S.D.N.Y. Dec. 22, 2011) (appointing two pairs of interim co-lead counsel to represent two putative classes but not a formal committee);

At the same time, for a number of reasons, the Court finds—in agreement with various plaintiffs' counsel—that the class would benefit from having several pre-designated law firms available to support the efforts of interim co-lead counsel. The Court is mindful of the high stakes and complexity of the litigation and that it may take unexpected turns. It is possible, for example, that, as the case proceeds, formidable challenges relating to managing and taking discovery, or perhaps other issues, will be presented by the existence of 14 distinct defendant groups here. There is value in having a support network of pre-designated law firms at the ready whom interim co-lead counsel can deploy, at interim co-lead counsel's discretion, to help shoulder such burdens. There is also value in having firms ready to assume responsibility for one-off issues that co-lead counsel determine, as a result of potential conflicts or for other reasons, are best handled by a separate law firm. Given the knowledge, experience, and skills of the various firms here, there is value to having several available as a brain trust for interim co-lead counsel to tap as useful. Finally, the Court's pre-designation of several firms has the virtue of assuring that co-lead counsel have a balanced and deep bench to draw upon, while limiting the potential for side-deals or favoritism presented by leaving the selection process to interim co-lead counsel.

For avoidance of doubt, the counsel whom the Court today pre-designates are *not* vested at this time with any responsibilities in this case. They are not authorized to do independent work on behalf of the putative class. Rather, they are to be "on-call"—available, at interim co-lead counsel's sole discretion, as a resource.

After careful consideration of all of the leadership position applications, the Court designates three firms—Hagens Berman, Kellogg Huber, and Susman Godfrey—to serve in this support capacity. While all of the firms that submitted leadership applications have extensive experience and demonstrated success in this area, the Court's assessment is that these three firms are particularly well-suited to this assignment. Each has a stellar track record and a reputation in the District for diligent, effective, and professional representation. In selecting these firms, the Court paid careful attention to the varied skills and experience of counsel, both in pretrial, trial, and appellate advocacy. The Court selected counsel that, partnered with Quinn Emanuel and Cohen Milstein, create a diverse, complementary, and deep team whose members, when viewed together, have represented the substantial majority of the plaintiffs here.

As explained in the order that immediately follows, in designating these three firms, the Court does not preclude interim co-lead counsel from seeking the Court's approval for the involvement of other firms not here designated for specific tasks or projects upon a showing why it is necessary for such a firm, as opposed to one of the three pre-designated here, to take on a particular assignment.

### III. Order

For the foregoing reasons, it is hereby:

ORDERED that the motion to appoint Quinn Emanuel and Cohen Milstein as Interim Co-Lead Counsel for the putative class, Dkt. 74, is granted. Quinn Emanuel and Cohen Milstein shall be responsible for the overall conduct of the litigation on behalf of the putative class of

investor plaintiffs, including providing supervision of all class-plaintiffs' counsel in this litigation. As Interim Co-Lead Counsel for the class, Quinn Emanuel and Cohen Milstein have the authority to:

a. Promote the efficient conduct of this litigation and avoid unnecessary duplication and unproductive efforts by making and supervising all work assignments;

b. Prepare and file the Consolidated Class Complaint on behalf of the putative class, and any subsequent pleadings;

c. Make, brief, and argue motions;

d. Conduct all pretrial, trial, and post-trial proceedings on behalf of the putative class and act as a spokesperson for the putative class;

e. Conduct or coordinate discovery on behalf of the putative class consistent with the Federal Rules of Civil Procedure, including preparation (or responses to) written discovery requests and examination (or defense) of witnesses in depositions;

f. Monitor activities of the plaintiffs' counsel to whom they delegate work and implement procedures to ensure that schedules are met and unnecessary expenditures of time and funds are avoided by collecting from each firm regular time and expense reports;

g. Negotiate with defense counsel with respect to settlement and other matters;

h. Prepare any application for an award (or approval) of fees and reimbursement of expenses incurred by the putative class;

i. Consult with and retain expert witnesses for the putative class;

j. Negotiate with, retain, and manage relations with outside vendor(s) for the collection, processing, or review of documents and electronically stored information produced in discovery;

k. Conduct or coordinate all negotiations with defense counsel regarding search and production protocols, manage the review of documents produced by defendants and third parties (and production of documents by the putative class plaintiffs), and implement advanced analytics for the efficient review of documents as appropriate;

l. Coordinate and communicate as necessary with counsel for other parties in the litigation regarding any matters addressed in this Order in order to ensure efficient use of plaintiffs', defendants', and the Court's time;

m. Ensure that all plaintiffs' counsel and plaintiffs are informed of the progress of this litigation as necessary; and

    n. Otherwise coordinate the work of plaintiffs' counsel, coordinate with counsel for the Tera and Javelin plaintiffs, and perform such other duties as Interim Co-Lead Counsel deem necessary and appropriate based upon their judgment and consideration or as authorized by further Order of the Court.

It is further ORDERED that the motions by other counsel for appointment as interim co-lead counsel, or for appointment to a formal plaintiffs' committee, Dkts. 77, 79, 81, 82, 85, 90, are denied.

It is further ORDERED that Interim Co-Lead Counsel may not delegate its responsibilities or assign legal work to other law firms without the prior approval of the Court, except that the Court hereby pre-approves such delegation of responsibilities to Hagens Berman, Kellogg Huber, and Susman Godfrey. The decision of when to draw on the resources and expertise of other law firms is left to the sole discretion of the Interim Co-Lead Counsel. Court approval of assignments to these three firms is not required. No firm to which Interim Co-Lead Counsel delegates responsibility may further sub-delegate the work without the prior approval of Interim Co-Lead Counsel and the Court.

It is further ORDERED that the Court designates Adam S. Hakki and Richard F. Schwed of Shearman & Sterling and Kenneth A. Gallo and Julia Tarver-Mason Wood of Paul Weiss as liaison counsel for defendants. The purpose of this designation is solely for the purposes of facilitating communication with the Court.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: August 3, 2016
       New York, New York