**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE INTEREST RATE SWAPS ANTITRUST LITIGATION<br><br>This Document Pertains To:<br><br>ALL CLASS ACTIONS | MDL No. 2704<br>Master Docket No. 16 MD 2704 (JPO)<br><br>Hon. J. Paul Oetken |

**OMNIBUS REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTIONS FOR (1) FINAL APPROVAL OF THE CREDIT SUISSE AND NEW
SETTLEMENT AGREEMENTS, CERTIFICATION OF THE SETTLEMENT
CLASSES, AND FINAL APPROVAL OF THE PLANS OF ALLOCATION; AND (2)
<u>ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS</u>**

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................1

I.   PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE
     SETTLEMENTS SHOULD BE GRANTED ..................................................................1

     A.   It is Undisputed That the Settlements are Fair, Reasonable, and Adequate ............1

     B.   It is Undisputed That the Extensive Notice Program Satisfies Rule 23 and
          Due Process..............................................................................................................2

     C.   The Proposed Settlement Classes Should Be Finally Certified, With Most
          of the "Opt-Outs" Received Recognized in the Final Judgments............................3

II.  PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE
     PLANS OF ALLOCATION SHOULD BE GRANTED ..................................................4

III. PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES,
     LITIGATION EXPENSES, AND SERVICE AWARDS SHOULD BE
     GRANTED ........................................................................................................................4

CONCLUSION..................................................................................................................................5

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Alaska Elec. Pension Fund v. Bank of America, N.A.*,
No. 1:14-cv-7126, ECF No. 738 (S.D.N.Y. Nov. 13, 2018) ....................................................2

*In re AOL Time Warner*,
2006 WL 903236 (S.D.N.Y. Apr. 6, 2006)..............................................................................2

*Berryman v. Avantus, LLC*,
2024 WL 2108824 (D. Conn. May 10, 2024).........................................................................2

*In re CenturyLink Sales Pracs. & Sec. Litig.*,
2020 WL 7133805 (D. Minn. Dec. 4, 2020)...........................................................................2

*In re Credit Default Swaps Antitrust Litig.*,
2016 WL 2731524 (S.D.N.Y. Apr. 26, 2016)..........................................................................4

*In re Credit Default Swaps Antitrust Litig.*,
No. 1:13-md-2476, ECF Nos. 539-52 (S.D.N.Y. Apr. 18, 2016 to Oct. 22,
2013) .......................................................................................................................................2

*Goldberger v. Integrated Res., Inc.*,
209 F.3d 43 (2d Cir. 2000).......................................................................................................4

*In re Packaged Ice Antitrust Litig.*,
2011 WL 6209188 (E.D. Mich. Dec. 13, 2011) ......................................................................2

*Perez v. Asurion Corp.*,
501 F. Supp. 2d 1360 (S.D. Fla. 2007) ....................................................................................2

*Poertner v. Gillette Co.*,
618 F. App'x 624 (11th Cir. 2015) ..........................................................................................2

*In re SSA Bonds Antitrust Litig.*,
No. 1:16-cv-3711, ECF Nos. 687-89 (S.D.N.Y. Apr. 2, 2021) ...............................................2

*Stinson v. City of New York*,
256 F. Supp. 3d 283 (S.D.N.Y. 2017)......................................................................................2

*Tiro v. Pub. House Invs., LLC*,
2013 WL 4830949 (S.D.N.Y. Sept. 10, 2013).........................................................................5

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
396 F.3d 96 (2d Cir. 2005)...................................................................................................1, 2

**Other Authorities**

Fed. R. Civ. P. 23 .............................................................................................................. 2, 3

**PRELIMINARY STATEMENT**

Plaintiffs' prior papers demonstrate how the proposed Settlements, the Plans of Allocation, and the notice plan all meet the applicable standards for approval. *See* ECF No. 1147 ("Final Approval Motion"). They also demonstrate how the request for $35,500,000 in combined attorneys' fees and expenses results in a fee award that is well *below* awards in comparable cases, how the requested expenses are of the type for which courts routinely allow reimbursement, and how the requested service awards are in line with awards in similar situations. *See* ECF No. 1151 ("Fee and Expense Motion").

The extraordinarily positive reaction of the class to the Settlement and the motion for attorneys' fees, expense reimbursement, and incentive awards reflects these facts. These sophisticated class members were notified and not a single class member made an objection to the settlement terms, the notice, the Plans of Allocation, or the Fee and Expense Motion. And only *twelve purported* class members asked to be excluded.

Given the overwhelming support from class members, and the complete lack of any opposition, the pending motions should be granted.

**I.   PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE SETTLEMENTS SHOULD BE GRANTED**

**A.   It is Undisputed That the Settlements are Fair, Reasonable, and Adequate**

As set forth in the Final Approval Motion (at 4-17), both Settlements amply satisfy the "fair, reasonable, and adequate" standard. The only update is with respect to the reaction of class members. "[T]he favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor[.]" *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005). Here, despite an extensive advertising campaign, no objections were received, and only twelve parties even tried to opt-out of the settlements.

1

This overwhelmingly positive reaction weighs heavily in favor of approving the Settlements. *See id.* at 118 (stressing the "small number of objections" in considering the reaction-of-the-class factor) (quoting 4 Newberg § 11.41, at 108); *see also Stinson v. City of New York*, 256 F. Supp. 3d 283, 290 (S.D.N.Y. 2017) ("It is the absence of significant exclusion[s] or objection[s]" that "courts in this Circuit regularly consider").[1]

Thus, for the reasons set forth herein and in the Final Approval Motion, *all* Rule 23(e) factors—including, now, the reaction of the class—confirm the Settlements are fair, reasonable, and adequate, and should be given final approval.

### B. It is Undisputed That the Extensive Notice Program Satisfies Rule 23 and Due Process

Notice Packets were mailed to potential class members as well as to potential intermediaries. We also carried out an extensive publication campaign using global print and

---

[1] *See also, e.g.*, *Berryman v. Avantus, LLC*, 2024 WL 2108824, at *8 (D. Conn. May 10, 2024) (lack of objections an "extremely strong indication" of fairness (quoting *In re Marsh ERISA Litig.*, 265 F.R.D. 128, 139 (S.D.N.Y. 2010)); *In re AOL Time Warner*, 2006 WL 903236, at *9 (S.D.N.Y. Apr. 6, 2006) ("The reaction of the class is generally gauged by reference to the extent of objection to the settlement.").

The Settlement Administrator is still processing the claims that were actually filed. Co-Lead Counsel will be happy to answer any questions the Court has at the Fairness Hearing about how many claim forms have, by that time, been processed. But to be clear, as seen above the reaction-of-the-class factor is measured instead most often by way of the number of opt-outs. Courts by contrast do not give "great significance" to the number of claims filed, including because "many factors affect response rates." *In re Packaged Ice Antitrust Litig.*, 2011 WL 6209188, at *14 (E.D. Mich. Dec. 13, 2011) (discounting relevance of response rate of below 1%). *See also, e.g.*, *In re SSA Bonds Antitrust Litig.*, No. 1:16-cv-3711, ECF Nos. 687-89 (S.D.N.Y. Apr. 2, 2021) (approving settlement even prior to claims deadline); *Alaska Elec. Pension Fund v. Bank of America, N.A.*, No. 1:14-cv-7126, ECF No. 738 (S.D.N.Y. Nov. 13, 2018) (same); *In re Credit Default Swaps Antitrust Litig.*, No. 1:13-md-2476, ECF Nos. 539-52 (S.D.N.Y. Apr. 18, 2016 to Oct. 22, 2013) (same). *See also generally Poertner v. Gillette Co.*, 618 F. App'x 624, 625-26 (11th Cir. 2015) (approving settlement with claims rate of 0.75%); *In re CenturyLink Sales Pracs. & Sec. Litig.*, 2020 WL 7133805, at *16 (D. Minn. Dec. 4, 2020) (same, with claims rate of 0.698%); *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1377 (S.D. Fla. 2007) (same, with claims rate of 1%).

online outlets. The comprehensive notice program was "the best notice . . . practicable under the circumstances," and satisfies Rule 23 and due process. Fed. R. Civ. P. 23(e)(2)(B).

### C. The Proposed Settlement Classes Should Be Finally Certified, With Most of the "Opt-Outs" Received Recognized in the Final Judgments

As set forth in the Final Approval Motion (at 17-21), there have been no changes that would undermine the Court's initial determination that certification of the Settlement Classes are appropriate. Again, no objections to such certification have been presented.

The names of the exclusion requests Co-Lead Counsel recommends be recognized are set forth in the proposed orders. Only four parties made timely, valid exclusion requests. Another four parties made timely requests, but did not provide proof of actual class membership as required by the Court's order. *See generally* ECF No. 1099 ¶¶ 15-16. Nonetheless, Co-Lead Counsel propose that all eight of the timely requests be accepted by the Court. The Settling Defendants have been made aware of these details and have confirmed they take no position on Co-Lead Counsel's request. Accordingly, across the two Settlements, a total of eight parties are listed as recognized opt-outs included in the proposed orders.

Other exclusion requests were received, but not until after May 16, 2025. Those requests—an additional four separate from those discussed above—thus fail to meet the Court's requirements for opting out. *See id.* ¶ 15 (requests had to be "received no later than" May 16, 2025, which was 60 days after the Notice Date). Defendants have indicated they object to the recognition of these untimely requests. While Plaintiffs defer to the Court's judgment, the parties whose requests were received after May 16, 2025 are *not* included in the proposed orders being submitted herewith.

## II. PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE PLANS OF ALLOCATION SHOULD BE GRANTED

As set forth in the Final Approval Motion (at 19), the Plans of Allocation also meet the fair and adequate test and should be given final approval. The only update is with respect to the reaction to the class. No objections were filed, illustrating support for the Plans of Allocation. *See In re Credit Default Swaps Antitrust Litig.*, 2016 WL 2731524, at *8-*9 (S.D.N.Y. Apr. 26, 2016) ("Only four objections have been pursued . . . . This sophisticated Class is in an excellent position to swiftly and competently assess whether the Plan [of Allocation], and the model upon which it is based, achieves a fair distribution of this very sizeable Settlement Fund. It has spoken.").

## III. PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS SHOULD BE GRANTED

Co-Lead Counsel's request for a combined fees and expenses award of $35,500,000 and interest thereon is reasonable from the perspective of the factors considered by *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) (Fee and Expense Motion at 7-10), and from the perspective of the Lodestar "cross-check" (*id.* at 11-13). As for fees, by one common measure, we are getting substantially *less* than our hourly investment—which is known as a negative multiplier and is a strong indication of the reasonableness of the requested fee. *See id.* at 12. As for expenses, the same policy considerations that drive courts to compensate attorneys for taking on large contingency cases also means courts routinely reimburse those attorneys for their reasonable out-of-pocket expenses and interest thereon. *See id.* at 13-16. Co-Lead Counsel's motion and supporting materials confirm the reasonableness of their investments in this heavily expert and data-driven, lengthy, and complex case.

In the notice materials, Settlement Class members were informed that Co-Lead Counsel would seek fee and expense awards not to exceed 50% of each of the Settlement Funds, totaling

4

up to $35,500,000, plus interest. They were also later informed by our Fee and Expense Motion that our actual request was for *less* in fees than were expended by counsel and were informed as to the detailed calculations behind our figures for both fees and expenses. And they were informed of our requests for service awards. *See id.* at 18-21. Still, no class member objected to the fee, expense, or service-reward requests. As with the other aspects of the Settlements, the lack of objections strongly supports a finding that the Co-Lead Counsel's requests are reasonable. *See, e.g.*, *Tiro v. Pub. House Invs., LLC*, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013).

## **CONCLUSION**

Plaintiffs request that their Final Approval Motion be granted with respect to the Settlements, the notice plan, and the certification of the Settlement Class. Submitted concurrently herewith are two proposed final judgments, one related to the Credit Suisse Settlement Agreement and the other related to the New Settlement Agreement. Both are based on the forms agreed to during negotiations with the relevant Defendants.

Plaintiffs also request that their Final Approval Motion be granted with respect to the Plans of Allocation. Again, separate orders are included, one for each Settlement.

Finally, Co-Lead Counsel request that their Fee and Expense Motion be granted. Submitted concurrently are proposed orders separately approving the attorney fees, expenses, and service awards. As these are distinct from the underlying Settlements, one order for each issue is used approving the total awarded amounts.[2]

DATED: July 6, 2025                              Respectfully submitted,

*I certify that this brief contains fewer than 8,750 words, in compliance with LCR 7.1(c),*

---

[2] Co-Lead Counsel intend to take the total amounts awarded *pro rata* from each Settlement Fund based on the relative value of the cash consideration in each Settlement.

5

*and is fewer than 25 pages, in compliance with the Court's Individual Rules and Practices in Civil Cases § 2.B.*

| | |
|---|---|
| **COHEN MILSTEIN SELLER & TOLL PLLC** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| By: */s/ Michael B. Eisenkraft* | By: */s/ Daniel L. Brockett* |
| Michael B. Eisenkraft | Daniel L. Brockett |
| Sharon K. Robertson | Sascha N. Rand |
| Christopher J. Bateman | Steig D. Olson |
| 88 Pine Street, 14th Floor | Jonathan B. Oblak |
| New York, New York 10005 | William R. Sears |
| Telephone: (212) 838-7797 | David LeRay |
| meisenkraft@cohenmilstein.com | Anna Deknatel |
| srobertson@cohenmilstein.com | Maxwell Deabler-Meadows |
| cbateman@cohenmilstein.com | 295 Fifth Avenue |
| | New York, New York 10016 |
| Carol V. Gilden (*pro hac vice*) | Telephone: (212) 849-7000 |
| 190 South LaSalle Street, Suite 1705 | danbrockett@quinnemanuel.com |
| Chicago, IL 60603 | sascharand@quinnemnuel.com |
| Telephone: (312) 357-0370 | steigolson@quinnemanuel.com |
| Fax: (312) 357-0369 | jonoblak@quinnemanuel.com |
| cgilden@cohenmilstein.com | willsears@quinnemanuel.com |
| | davidleray@quinnemanuel.com |
| Steven J. Toll (*pro hac vice*) | annadeknatel@quinnemanuel.com |
| Julie Goldsmith Reiser (*pro hac vice*) | maxmeadows@quinnemanuel.com |
| Brent W. Johnson (*pro hac vice*) | |
| Daniel H. Silverman (*pro hac vice*) | |
| Robert W. Cobbs | |
| 1100 New York Ave NW, Suite 800 | Jeremy D. Andersen (*pro hac vice*) |
| Washington, DC 20005 | 865 South Figueroa Street, 10th Floor |
| Telephone: (202) 408-4600 | Los Angeles, California 90017 |
| stoll@cohenmilstein.com | Telephone: (213) 443-3000 |
| jreiser@cohenmilstein.com | jeremyandersen@quinnemanuel.com |
| bjohnson@cohenmilstein.com | |
| dsilverman@cohenmilstein.com | *Interim Co-Lead Counsel and Attorneys for Public School Teachers' Pension and Retirement Fund of Chicago and Los Angeles County Employees Retirement Association* |
| rcobbs@cohenmilstein.com | |
| | |
| *Interim Co-Lead Counsel and Attorneys for Public School Teachers' Pension and Retirement Fund of Chicago and Los Angeles County Employees Retirement Association* | **SUSMAN GODFREY L.L.P.** |
| | William Christopher Carmody |
| | Seth Ard |
| | Cory Buland |

Elisha B. Barron
560 Lexington Avenue, 15th Floor
New York, New York 10022
Telephone: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
sard@susmangodfrey.com
cbuland@susmangodfrey.com
ebarron@susmangodfrey.com

*Attorneys for Mayor and City Council of Baltimore*