

Tradition
255 Greenwich Street, 4th Floor
New York, NY  10007

Tel:  212 791 4500
Fax: 212 791 6473
www.tradition.com

April 18, 2018

**<u>Via ECF</u>**
The Honorable Paul A. Engelmayer
United States District Judge, United States District Court
Southern District of New York, 40 Foley Square, Room 2201
New York, New York  10007

Re:  *In re:  Interest Rate Swaps Antitrust Litigation* (Civil Action No.:  16-MD-02704 (PAE))

Dear Judge Engelmayer:

I am writing on behalf of Tradition America LLC ("Tradition") with respect to Class Plaintiffs' ("Plaintiffs") motion to compel compliance with their subpoena and this Court's Order No. 24.  The Class Plaintiffs' subpoena has 42 requests which, when subparts are included, amount to nearly 100 separate and far-reaching demands, making it easily the broadest subpoena that Tradition has ever received.

The Class Plaintiffs' motion to compel has been made in the alternative with two requested orders, each with various subpart requirements.  As regards the first of Plaintiffs' proposed orders, which focuses on email review of over 55,000 emails containing over 2,500,000 pages of information, Tradition requests that it be granted a limit of six pages so that it may sufficiently address the numerous issues before the Court on this part of Plaintiffs' motion.

As regards the second of Plaintiffs' proposed orders, Tradition requests a Conference pursuant to Rule 2(C) of this Court's Individual Rules so that these issues may be fully discussed—they are far broader and more complicated than a simple letter can address.  For example, Tradition is troubled that, notwithstanding the Objections it has timely filed to the Plaintiffs' subpoena, Plaintiffs are still seeking to compel the production of vast amounts of documents by May 21—barely a month away.  Indeed, as detailed in my letter to the Court filed on April 12, 2018, given the significant and unprecedented amount of data involved in multiple formats (some of which are extraordinarily difficult to retrieve, if capable of extraction at all), it may be physically impossible to produce much of the documents Plaintiffs' request by that date, even after our objections are addressed.  The Court already noted in its Opinion and Order of July 28, 2017, that the IRS market changed materially in or around 2013. Accordingly, if the Court is inclined to grant any part of the second alternative request for relief, we respectfully request an in-person conference to address the issues properly prior to the Court's ruling. As this Court is aware, Tradition is not a party to this case and thus has not had the benefit of appearing before the Court to address the allegations made in the Complaint relative to Tradition.  These allegations are false in every material respect.

Respectfully Submitted,
/s/ Chaim Levin

cc via email: Michael Eisenkraft (counsel for Class Plaintiffs)