# COHEN MILSTEIN

Michael Eisenkraft<br>
(212) 838-0177<br>
meisenkraft@cohenmilstein.com

April 30, 2018

*Via ECF Only*

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re: <u>*In re: Interest Rate Swaps Antitrust Litigation*</u>, No. 16-MD-2704 (PAE) (S.D.N.Y.)

Dear Judge Engelmayer:

    We submit this letter after conferring with Defendants' Counsel in accordance with Your Honor's April 24 Order (ECF No. 370) urging the parties to set forth their positions and proposals concerning Tradition's document review costs.

    Tradition was served with two subpoenas – one by Plaintiffs' Counsel and one by Defendants' Counsel. Plaintiffs' subpoena sought emails, other documents, and trading data, while Defendants' subpoena sought only two types of trading data. Tradition, without informing Plaintiffs' Counsel, engaged in extensive negotiations with Defendants' Counsel over the data they sought in their subpoena, reached agreement, and has begun producing certain data to Defendants. None of the costs incurred by Tradition in complying with Defendants' request for transaction data have been charged to Defendants to date. While Tradition has indicated to Defendants that it would request reimbursement for the quote data sought by Defendants' subpoena, Defendants have not determined whether to proceed with that portion of their subpoena. As a result, the only issue presently before this Court is whether and to what extent Tradition should be compelled to comply with Plaintiffs' subpoena and who should bear the cost of that compliance.

    Pursuant to the Order, Plaintiffs and Defendants conferred last week. As the question before the Court is the cost of compliance with Plaintiffs' subpoena, Plaintiffs are not seeking to have Defendants share those costs, to the extent they are not borne entirely by Tradition. Thus, in accordance with Your Honor's Order, Plaintiffs propose the following plan for subsidizing and significantly reducing Tradition's document-review costs for complying with their subpoena. Defendants take no position as to this proposal.

COHENMILSTEIN

April 30, 2018
Page 2

**Electronic Filtering on Platform Provided by Plaintiffs at Plaintiffs' Expense:**
Plaintiffs propose providing Tradition with segregated and protected access to a state of the art document review platform that, unlike Tradition's system, can electronically search all document formats, including PDFs[1] and provide accurate page counts.[2]  The document vendor, at Tradition's direction but <u>at Plaintiffs' cost</u>, can perform searches to identify categories of documents for which Tradition has raised potential burden concerns, such as documents: (1) to or from Mr. Levin or any other lawyer (including outside Counsel) employed by Tradition; (2) that include the terms Javelin **and** ("Greek," or "Olympic," or "AMC"); (3) that mention "Tera" **and** ("whey," or "prostate," or "terabyte," or "tera-joule," or "counteract," or "Nextera"); (4) that mention "penalty box" **and** ("hockey," "soccer," "lacrosse," or "sports"); and (5) to or from the email address of one of the hundred-plus Defendant custodians that presumably would be produced by Defendants.  These documents would be removed from the review population and the remainder of the documents would be produced to Plaintiffs.  Plaintiffs would not have access to the review population or any role in directing the agreed-to searches, which would eliminate privileged documents as well as populations that give rise to specific relevancy or burden issues identified by Tradition.  Plaintiffs' Counsel would, of course, consider additional, reasonable search term refinements proposed by Tradition to eliminate likely irrelevant documents.  Finally, Plaintiffs would also consent to Tradition reserving the right to claw-back documents from this production on privilege grounds so that a review for privilege documents not eliminated by the filters would be unnecessary.  Under this proposal, Plaintiffs would bear the cost associated with the review platform and the filtering that would eliminate the need for manual review.  Tradition's cost would be limited to the basic document collection and search function taken place already to identify the review population.

**Supplemental Manual Review of Filtered Documents:**  If Tradition wishes to conduct an additional, manual responsiveness or privilege review after the process described above, Plaintiffs respectfully submit that it should do so at its own expense.  That is because Plaintiffs will already have borne the costs described above to host, filter and produce documents, and manual review will be unnecessary in light of the filtering and reservation of rights to claw-back documents.  In addition, those review costs will be modest in any event, given the limited size of the potential review population and Tradition's cost estimates, and likely comparable to or less than the costs of complying with Defendants' subpoena, for which Tradition has not sought

---

[1] *See* Ltr. from Chaim Levin, Apr. 20, 2018, at 4 (ECF No. 369) ("over 55,000 emails containing over 2,400,000 pages of data are at issue – many of these documents (especially certain PDF formatted documents) require manual human review as there can be no electronic examination of them.").

[2] *See* Corrected Exhibit A to Tradition Letter dated 4/27/18 (ECF No. 374-1) ("average number of pages per email based off average of first 5 and last 5 hits" as well as "estimated total number of pages for all hits based on average").

COHENMILSTEIN

April 30, 2018
Page 3

reimbursement. According to Tradition, to do a relevance review it employed an "experienced outside paralegal" at a cost of $50 per hour.[3] For a simple relevance review on a state of the art document review platform, it should be possible to review approximately 100 documents per hour. At $50 per hour for their paralegal reviewer, this means Tradition will incur a cost of approximately $0.50 per document reviewed. Assuming that the universe of documents at issue is reduced to 20,000 by hit count and custodial information provided by Tradition[4] as well as the electronic document review described above, Tradition's review cost for those documents would be approximately $10,000. In light of the optional nature of that manual review, the potentially more substantial costs absorbed by Tradition in complying with Defendants' subpoena, and the fact that Tradition is a multinational corporation with revenue of nearly a billion dollars a year, Plaintiffs believe Tradition should bear that cost. That is consistent with common practice for third-party subpoenas. Here, Tradition has not demonstrated either an unusual burden or other circumstances warranting different treatment. If the Court disagrees, however, Plaintiffs respectfully suggest that Tradition should bear some of the manual review cost, and Plaintiffs should not be required to pay more than 50% of the costs using the $0.50 per document review cost based on estimates provided by Tradition.

Respectfully submitted,

/s/ Michael Eisenkraft

Michael Eisenkraft

cc (via email): Chaim Levin (counsel for Tradition)

---

[3] *See* Ltr. from Chaim Levin, Apr. 20, 2018, at 4 (ECF No. 369) ("Tradition retained an experienced outside paralegal who carefully examined six sequentially dated emails and attachments of each search term amounting to some 2,100 pages of narrative."); *id.* at Ex. G ("a paralegal at the cost of $50/hr, needs to conduct searches using the search term [*sic*] you have provided . . . .").

[4] While Tradition did provide "hit counts" for the search terms, it has not yet, despite being ordered to do so by the Court, "identif[ied] the custodians whose email accounts Tradition searched and which underlie the hit counts Tradition provided on March 23, and these custodians' positions" as well as "overall hit counts for each custodian." ECF No. 362, at 3 (Plaintiffs' April 13 letter to the Court); ECF No. 370 (ordering Tradition to "disclose the 'hit rate data' requested by Plaintiffs"). If Tradition provides the requested information, Plaintiffs believe it would greatly assist in reducing the number of documents at issue. Without knowing who the custodians are or hit counts for those custodians, it is essentially impossible to do so.