June 19, 2018

**Via ECF**

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:   *In re: Interest Rate Swaps Antitrust Litigation*, No. 16-MD-2704 (PAE)
          *This Document Relates To All Actions*

Dear Judge Engelmayer:

Pursuant to Order No. 31 (Dkt. No. 389), Counsel for Plaintiffs and Defendants jointly submit this letter to provide the Court with a brief summary of recent developments and to identify the participants on the teleconference with the Court scheduled for June 21, 2018.

### Recent Developments

***Plaintiffs' Document Production*:** Chicago Teachers has substantially completed its document productions. Javelin and Tera will each have made two more custodial productions by the June 21 teleconference covering substantially all of their collected electronic documents that had not been set aside for further review as potentially privileged. LACERA also expects to meet the June 29 substantial completion deadline.

***Defendants' Document Production*:** Defendants expect to meet the June 29 substantial completion deadline. To date, Defendants have collectively produced more than one million documents and ultimately anticipate producing approximately 1.4 million non-privileged documents. Certain Defendants produced the majority of their documents between May 18 and June 19. As noted at the May 18 teleconference, Plaintiffs expected Defendants' productions to be much larger based on their experience in comparable antitrust cases involving Defendants. Plaintiffs are concerned about the amount of documents that either have been marked non-responsive or are being withheld on the basis of privilege, particularly given the search-term hit counts that were previously reported by Defendants. Plaintiffs suspect Defendants are making aggressive relevance determinations based on the Court's discovery rulings, and withholding relevant documents on the basis of questionable privilege designations. Plaintiffs are considering their options in this regard, and may serve follow-up discovery requests or send Defendants questions about their productions to ensure that non-privileged, relevant materials are produced. It will be difficult for Plaintiffs to do so before substantial completion, because they have to review Defendants' full productions to evaluate fully any potential deficiencies, but Plaintiffs will act with dispatch in raising any additional discovery issues.

Defendants do not understand Plaintiffs' concerns and disagree that there is a basis for them. Defendants submit that they are producing responsive documents in accordance with the parties' agreements and the Court's discovery orders. Defendants do not agree that additional discovery would be appropriate, given Defendants' view that they have already assumed a

substantial burden to date. To the extent Plaintiffs have questions about Defendants' privilege review, Defendants believe these questions can be addressed once Plaintiffs review Defendants' privilege logs.

**Privilege Logs**: Chicago Teachers produced a privilege log consisting of three entries within two weeks of achieving substantial completion. Plaintiffs will send each Defendant a preliminary list of two or three likely deponents based on their initial review of Defendants' document productions no later than Friday, June 29, to ensure that Defendants prioritize their privilege review appropriately. Javelin and Tera will have each produced two privilege logs by the June 21 teleconference. Each Defendant produced at least one initial privilege log by the June 15 deadline—collectively consisting of more than 12,000 entries—and most Defendants expect to complete their privilege reviews by the end of July. Plaintiffs are reviewing Defendants' initial privilege logs and will raise any issues as soon as possible.

**Data Discovery**: One Defendant has made a data production, and all Defendants are either on track to meet the June 29 substantial completion deadline or have otherwise engaged in substantive discussions with Plaintiffs about their data productions. The parties may have a dispute about the anonymization of foreign counterparty information, which entails anonymizing identifying information for counterparties from certain foreign jurisdictions. Defendants maintain that anonymization is a legal necessity to comply with foreign laws. Plaintiffs have not received from Defendants the specific legal basis for Defendants' position. Plaintiffs believe foreign counterparty anonymization will make it difficult to evaluate Defendants' transactional data, because it prevents categorization of the counterparties or identifying transactions of the same foreign counterparty with multiple Defendants. Defendants believe that the information some of them have agreed to provide (such as unique alphanumeric codes by foreign counterparty, counterparty types, and execution location) will ameliorate these concerns. The parties are continuing to meet and confer regarding this issue, and they will raise any issues with the Court promptly if they reach an impasse. Javelin and Tera will each have made data productions by the June 21 teleconference.

**Defendants' Production of Information under Phone Logs Agreement**: The agreement among the parties regarding phone logs required Defendants to produce certain information by June 13, 2018. This information included work landline phone numbers, work cell phone numbers, certain office numbers and BYOD cell phone numbers. Several Defendants have produced all of the required information; all other Defendants have provided most of the required information and are continuing to supplement this information as it becomes available. The information due June 13 also included that necessary for Plaintiffs to send subpoenas; Defendants have produced it for half of the applicable personal cell phone custodians with BYOD plans.

**Interrogatories**: As noted in the May 16 joint letter (Dkt. No. 388), Defendants served interrogatories on Tera, seeking information concerning Tera's allegations that on June 16, 2014, four Defendants "told TeraExchange that they would not clear any trades executed on TeraExchange until they conducted an audit of TeraExchange's rulebook." JTSAC ¶ 205 (Dkt. No. 145). The parties met and conferred regarding Tera's initial responses and objections to these interrogatories. Tera then filed amended responses and objections dated June 6, 2018. A copy of those amended responses and objections is attached as Exhibit A. Among other things,

the amended responses and objections state that at this "very early stage of discovery" Tera does not know the exact identity of the persons involved in these alleged communications, but list the names of five former employees whom Tera believes may have received the communications described in JTSAC ¶ 205, and state that the allegations of JTSAC ¶ 205 are based upon the recollections of Christian Martin, Chairman & CEO of Tera Group, Inc., who himself was not a party to the alleged communications.  The parties have met and conferred regarding those responses and objections.  Defendants have asked that Tera (i) specify whether it asked each of the five former employees whether he was a party to the alleged communications and (ii) make Mr. Martin available for a deposition next month focused on the allegations of in JTSAC ¶ 205, with the balance of his deposition to be conducted later.  Tera has declined these requests.  To the extent Defendants plan to seek Court intervention on these issues, they will advise the Court promptly.

*Third-Party Discovery*:  After reviewing Tradition's production, some issues have arisen concerning the scope of what Tradition produced and Plaintiffs are currently in negotiations with Tradition's counsel.  If those negotiations fail Plaintiffs will need to seek the assistance of the Court in resolving the dispute.

*trueEX*:  On June 14, 2018, trueEX LLC filed a complaint alleging antitrust violations against Defendants bearing docket number 18-cv-05361.  trueEX claims that the case is related to this action, and Plaintiffs support trueEX's claim of relatedness.  Defendants agree that this action should be accepted as related.  The parties will file a joint letter concerning trueEX consistent with the Court's June 18 Order.  Dkt. No. 403.

We are prepared to provide further details on these developments or address any other questions the Court has at the June 21 teleconference.

### Conference Participants

Given the number of issues that may arise at the June 21 teleconference, the parties respectfully request that the Court allow four lawyers from each side to participate.

The participants for Plaintiffs will be Jonathan Oblak (Quinn Emanuel Urquhart & Sullivan LLP), Michael Eisenkraft (Cohen Milstein Sellers & Toll PLLC), and Thomas Ogden (Wollmuth Maher & Deutsch LLP).  William Maher (Wollmuth Maher & Deutsch LLP) will also participate and will be prepared to address questions relating to trueEX.

The participants for Defendants will be Robert Wick (Covington & Burling LLP), Richard Schwed (Shearman & Sterling LLP), and Ravi Sharma (Paul, Weiss, Rifkind, Wharton & Garrison LLP).  Defendants will inform the Court tomorrow if they request a fourth speaker.

Plaintiffs will provide the Court and Defendants with a dial-in number for the teleconference via email.

Respectfully submitted,

/s/ Daniel L. Brockett                                    /s/ Adam S. Hakki[1]
Daniel L. Brockett on behalf of                 Adam S. Hakki
Counsel for Plaintiffs                                 Defendants' Liaison Counsel

---

[1] Electronic signature provided with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.