**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   SAN FRANCISCO
SEOUL   SHANGHAI   SILICON VALLEY   WASHINGTON

Andrew D. Lazerow

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5081
alazerow@cov.com

August 14, 2018

The Honorable Paul A. Engelmayer
United States District Court for the Southern District of New York
40 Foley Square, Room 2201, New York, NY 10007

Re:   *In re Interest Rate Swaps Antitrust Litig.*, No. 16-MD-02704 (PAE)
        **This Document Relates to All Actions**

Dear Judge Engelmayer:

We write in response to Plaintiffs' letter-motion concerning the descriptions in certain Defendants' privilege logs.[1]  During the discovery period, Defendants employed dozens of attorneys who advised them on the regulatory changes wrought by Dodd-Frank and the accompanying regulations.  Plaintiffs' search terms hit on tens of thousands of documents sent to or from these attorneys.  As a result, Defendants spent thousands of hours and hundreds of thousands of dollars producing privilege logs with over ▮▮▮▮▮ entries.  JPMorgan alone produced an ▮▮-page log containing over ▮▮▮▮▮ entries.  Though Defendants' logs differ from each other in several respects, all comply with both the Federal Rules and the Local Rules, and none differ in substance from the miniscule logs produced by Plaintiffs; to the contrary, many entries are more descriptive than Plaintiffs' entries.  Plaintiffs' attempt to force Defendants to spend thousands *more* hours re-writing their logs should be denied for several reasons.

*First*, Defendants' descriptions meet the legal standard that applies where, as here, privilege logs are voluminous.  "Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged."  FRCP 26(b)(5) (committee note to 1993 amendment).  In addition, under the circumstances present here, the Local Rules encourage batch-logging privileged documents in general categories.  See L.R. 26.2(c) ("Efficient means of providing information regarding claims of privilege are encouraged. . . .  For example, when asserting privilege on the same basis with respect to multiple documents, *it is presumptively proper to provide the information required by this rule by group or category*.  A party receiving a privilege log that groups documents or otherwise departs from a document-by-document or communication-by-communication listing may not object solely on that basis . . . .") (emphasis added).  Although batch-logging would have been sufficient here,

---

[1] Defendants filing this response are Bank of America, Barclays, BNPP, Deutsche Bank, Goldman Sachs, JPMorgan, RBS, and UBS (collectively herein, "Defendants").  Plaintiffs do not challenge the sufficiency of the logs of Citibank, Credit Suisse, or Morgan Stanley.  The Defendants filing this response respectfully submit that their logs all comply with the Federal and Local Rules no less than those that Plaintiffs have not challenged.

COVINGTON

The Honorable Paul A. Engelmayer
August 14, 2018
Page 2

Defendants went much further: each Defendant carefully re-reviewed documents initially set aside as potentially privileged, producing those documents that were determined not to be privileged, and separately logged each privileged document's date, sender, recipients, file type, status as a parent or attachment, the name of the attorney or legal entity involved in providing legal advice, and the basis of the privilege. *See, e.g.*, Ex. A (excerpt from JPMorgan's log). Unsurprisingly, Plaintiffs' motion does not identify the additional "details" they are seeking, nor does it describe how any such details would assist them in evaluating Defendants' privilege claims.

Courts routinely sustain privilege logs less detailed than those provided by Defendants. *See, e.g.*, *Am. Broad. Cos., Inc. v. Aereo, Inc.*, 2013 WL 139560, at *2 (S.D.N.Y. Jan. 11, 2013) (encouraging the use of categorical privilege logs to "mitigate the substantial and undue burden" of producing massive privilege logs); *S.E.C. v. Thrasher*, 1996 WL 125661, at *1 (S.D.N.Y. Mar. 20, 1996) (denying motion for "a detailed privilege log identifying each . . . document[]" where "the files in question are extremely voluminous and [defendant] plausibly asserts that a document-by-document listing would be a long and fairly expensive project for counsel to undertake").[2] Plaintiffs are therefore mistaken in asserting that entries like "███████ ███████████████████████████████████████" and "███████ ███████████████████████████████████████" are insufficient. *See, e.g.*, *S.E.C. v. Beacon Hill Asset Mgmt. LLC*, 231 F.R.D. 134, 144–45 (S.D.N.Y. 2004) (finding descriptions such as "correspondence or e-mails seeking, transmitting or reflecting legal advice" to be sufficient, even though "the subject matter of the legal advice is not disclosed").

*Second*, the wholesale re-review and re-logging exercise sought by Plaintiffs would impose a burden vastly disproportionate to Plaintiffs' purported needs. The Defendants at issue logged a total of over ███████ privileged documents. Even under the aggressive assumption that Defendants could re-review and re-log 15 documents per hour, Plaintiffs are demanding that Defendants devote over ███████ hours of additional attorney time to their logs.

*Third*, Plaintiffs flouted and then prematurely abandoned the meet-and-confer process. For instance, in an attempt to address Plaintiffs' concerns, all Defendants offered to add e-mail subject lines to their privilege logs and to revise a reasonable number of log entries to be selected by Plaintiffs, but Plaintiffs abruptly rejected that offer and filed their motion. Similarly, Bank of America and UBS agreed early last week in teleconferences with Plaintiffs to produce revised logs and discuss any remaining issues following Plaintiffs' review of those revisions, but

---

[2] The three cases cited by Plaintiffs are inapposite. The first does not rule on the sufficiency of the cited privilege log descriptions, much less order more detailed log entries. *S.I.P.C. v. Bernard L. Madoff Inv. Sec. LLC*, 319 F.R.D. 100, 105-06 (S.D.N.Y. 2017). The second likewise does not require revised log entries; rather, it finds inadequate certain log entries that fail to assert any connection to legal advice. *Bank Brussels Lambert v. Credit Lyonnais (Suisse), S.A.*, 210 F.R.D. 506, 509 (S.D.N.Y. 2002). The third finds that certain privilege log entries are insufficient *not* because they lack sufficient detail, but because they assert the common-interest privilege without explaining why a common interest existed. *Fine v. ESPN, Inc.*, 2015 WL 3447690, at *13 (N.D.N.Y. May 28, 2015).

COVINGTON

The Honorable Paul A. Engelmayer
August 14, 2018
Page 3

Plaintiffs nonetheless filed their motion days later.³  Likewise, BNPP accepted Plaintiffs' August 1 offer to meet and confer regarding its privilege log, but Plaintiffs then filed their motion without conferring with BNPP, and Barclays was in the midst of a meet and confer process with Plaintiffs at the time they filed their motion.  Finally, Plaintiffs provided Defendants with 10 sample log entries as exemplars of the detail they were seeking, but cynically reserved the right to "challenge the privilege claims of these [same] documents or other documents with a similar amount of detail." Ex. J (July 26 Letter from S. Concannon to J. Amar-Dolan) at 1 n.1.

*Fourth*, Plaintiffs' own logs do not meet the standards set forth in their motion.  Although search term negotiations did not conclude until March 7, Defendants reviewed and produced millions of documents by June 29 and logged and redacted over ▮▮▮▮▮ privileged documents by July 31.  *See* Exs. A through G (excerpts from certain Defendants' logs).⁴  By contrast, Class Plaintiffs logged a grand total of ▮ documents, *see* Exs. H & I, and their descriptions disclose no more information than the descriptions they challenge.  *Compare, e.g.*, Ex. H Entry 5 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮") with Ex. B (excerpt from RBS's log) Entry 616 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮").  Although Plaintiffs criticize certain Defendants' use of drop-down menus for purposes of generating initial log entries that were then further edited and revised, their own logs repeatedly use identical template descriptions.  For example, Class Plaintiffs' ▮ entries contain only ▮▮ unique descriptions, and ▮▮▮▮ of their ▮ entries are described as "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" *See* Exs. H & I.

*Fifth*, Plaintiffs' passing objection to JPMorgan's invocation of the bank examination privilege, which other Defendants also invoked, is meritless.  Disclosure of non-public communications with federal banking regulators, or of any materials derived from or prepared for such communications, could subject Defendants to criminal prosecution.  *See Interagency Advisory on the Confidentiality of the Supervisory Rating and Other Nonpublic Supervisory Information*, SR05-4 (Feb. 28, 2005) ("Any person who discloses or uses nonpublic information except as expressly permitted by one of the appropriate federal banking agencies or as provided by the agency's regulations may be subject to the criminal penalties provided in 18 U.S.C. § 641."); *see also* 12 C.F.R. § 4.35(a)(1); 12 C.F.R. § 261.14(a)(8); 12 C.F.R. § 309.5(g)(8).  Moreover, the majority of the documents withheld on this basis were produced in redacted form, enabling Plaintiffs to discern the subject matter of the withheld information from context.

Plaintiffs' motion should therefore be denied in its entirety.

---

³ In fact, two days before Plaintiffs filed their motion, counsel for Bank of America agreed to Plaintiffs' request that the bank provide its revisions in a single log that combined and replaced its three prior logs.  There were no further communications about the sufficiency of Bank of America's logs until Plaintiffs served their motion.  UBS similarly agreed on August 7 to respond to Plaintiffs' requests within three days, and on August 10, UBS offered to make certain revisions to its logs.  In light of this record, Bank of America and UBS each asked Plaintiffs to withdraw their motion as to them. Plaintiffs refused Bank of America's request and have not responded to UBS's request.

⁴ Defendants provide these excerpts to illustrate detail in their privilege descriptions.  Several Defendants are continuing to review and update their logs as agreed with Plaintiffs.

**COVINGTON**

The Honorable Paul A. Engelmayer
August 14, 2018
Page 4

                                                                         Respectfully submitted,

                                                                         Andrew D. Lazerow

cc:      Counsel for All Parties (via ECF)