

William D. Briendel, Esq.
(212) 801-2107
briendelw@gtlaw.com

September 14, 2018

**VIA ECF**

The Honorable Paul A. Engelmayer
United States District Court Judge
Unites States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York  10007

      Re:    *In re: Interest Rate Swaps Antitrust Litigation*, No. 16-md-02704-PAE

Dear Judge Engelmayer:

      I write to seek clarification regarding this Court's July 27, 2018 Order (the "July 27 Order") relating to Class Plaintiffs' ("Plaintiffs") subpoena ("Subpoena") to Tradition America LLC ("Tradition") and to update the Court on the status of Tradition's very significant discovery productions to each of the 11 Bank Defendants and, separately, to the Plaintiffs.

      Tradition, a non-party to this case, and its Court-approved counsel Greenberg Traurig, have each spent many hours reviewing and producing to Plaintiffs over 27,000 pages of documents in response to the July 27 Order. More recently we are also engaging in negotiations with the Plaintiffs (at Plaintiffs' insistence) regarding the Court's prior Order with respect to additional discovery for "pre-2013" documents.  That will require many additional hours of labor along with the retention of outside technical specialists.  To ensure that we have fully complied with our discovery obligations with respect to the Subpoena, and to avoid unnecessary additional costs beyond the significant costs already borne by Tradition, we request clarification of whether the July 27 Order requires us to produce documents that are not responsive to the Subpoena; that is, documents that are responsive to the many search terms proffered by the Plaintiffs but that fall, without dispute, outside the parameters of the Subpoena they issued.[1]

      By way of background, on July 5, 2018, Plaintiffs filed a motion to compel compliance with their Subpoena. This motion only sought the "produc[tion of] non-privileged documents **responsive to Plaintiffs' November 3, 2018 subpoena**." *See* Dkt. 420 at 1 (emphasis added). This limited request was made in light of the many statements by this Court indicating that the production of documents would be restricted to, **at most**, documents that were responsive to

---

[1] Tradition has attempted to resolve this issue with the Plaintiffs, but Plaintiffs have insisted that Tradition is obligated to produce documents that Plaintiffs never asked for in their Subpoena.

The Honorable Paul A. Engelmayer
United States District Court Judge
September 14, 2018
Page 2.

Plaintiffs' document requests. Indeed, prior to Plaintiffs' motion, this Court explicitly said that it was "out of the question" for Plaintiffs to be given access to non-responsive emails—even if it were limited to those that hit upon Plaintiffs' search terms—explaining that "[n]o responsible lawyer in their right mind would ever allow a client to cede the database to a third party that is apt to turn around and sue them . . . any party would have to worry that extraneous matters, private matters, non-privileged but potentially actionable matters could turn up.." *See* Hearing Tr. May 5, 2018 attached hereto as Exhibit A at 4:8-21. During that same conference, the Court ordered Greenberg Traurig to review and produce "**responsive materials** that are non-privileged." *See id.* at 54:9-10 (emphasis added). In a later telephonic conference which Tradition did not attend,[2] Plaintiffs previewed their motion to compel argument and this Court indicated that it believed that it was "discovery 101" that Tradition needed to produce documents "**responsive to the subpoena**." *See* Conf. Tr. June 21, 2018 attached hereto as Exhibit B at 12-17.

In this context, we understood that this Court's July 27, 2018 Order required only the production of documents **responsive to Plaintiffs' Subpoena** along with other exclusions for documents consistent with what Plaintiffs had already determined were not relevant to their case as well as privileged documents. Plaintiffs disagree, and seek the production of all documents responsive to Plaintiffs' search terms irrespective of whether there is a relationship to the Subpoena.

Importantly, many of Plaintiffs' search terms are overbroad, generic terms (like "threat!" or "route!"), or common names (like "!Levy!") which unsurprisingly hit upon documents which do not fit within any of the categories of documents requested by the Plaintiffs. Additionally, 164 of Plaintiffs' search terms were not limited to interest rate swaps, which resulted in communications relating to entirely separate businesses (such as credit swaps and foreign exchange swaps) even though this case and most of Plaintiffs' Subpoena requests were **strictly limited to the interest rate swap market**. Notably, this is in stark contrast to the documents that this Court personally reviewed—documents that hit on the search term "TrueEx!"—in preparing its July 27 Order. Those documents were entirely responsive to the Subpoena because, as the Plaintiffs admit, "TrueEx!" was "essentially coterminous" with one of the requests contained in the Subpoena. *See* Dkt. 420 at 3. As a result, under Plaintiffs' interpretation of the Court's Order, Tradition would be required to produce approximately **3,000 additional documents** that this Court agreed "[n]o responsible lawyer" would ever allow a client to cede.

These documents contain "extraneous" and "private" matters, or otherwise contain competitively sensitive information Plaintiffs should not be given access to without first determining that they are subject to valid, relevant discovery requests. For example:

[redacted]

---

[2] Tradition was not present because it is a non-party to this case.

The Honorable Paul A. Engelmayer
United States District Court Judge
September 14, 2018
Page 3.

This is exactly the type of document that this Court stated no "responsible lawyer" would ever cede to opposing counsel. Moreover, in light of the additional fact that these Plaintiffs are working alongside other Plaintiffs who are admittedly direct competitors to Tradition, asking us to produce these documents would be very much akin to asking Coca-Cola to turn over its marketing information and communications to PepsiCo.

Accordingly, in order to ensure that Tradition is in full compliance with its discovery obligations, Tradition seeks guidance from the Court regarding the application of its July 27 Order.

**Status of Tradition Productions To All Parties**

As of today, Greenberg Traurig has made five separate productions of documents to Plaintiffs in response to the Subpoena, totaling over 27,000 pages of material, which does not take into account the two productions that Tradition made prior to Greenberg Traurig's involvement. From the date that Greenberg Traurig has started this project at the Court's suggestion, we have already charged $127,920.59 to this matter, with more to come. Per this Court's Order, $102,920.59 of that total will be charged to Tradition, while the remaining $25,000 will be charged to the Plaintiffs.[3] In addition, Tradition itself has expended in excess of $100,000 in internal costs including payment of overtime and compensation to multiple individuals who were needed to assist in the production.

I would also like to take this opportunity to inform the Court that, as we have been informed by our client, Tradition has made (independent of Greenberg Traurig) 24 productions to the Defendants (which, we understand, will be shared with the Plaintiffs as well) that includes, but is not limited to, multiple categories of detailed information applicable to over 50,000 consummated transactions. In addition to the foregoing, Tradition has also produced to the Defendants detailed characteristics and components applicable to each of well over 10,000,000 bids and/or offers of IRS SEF activity. The Defendants have reimbursed Tradition for its costs in assembling a portion of these productions.

For the Court's information, the total magnitude of the productions by Tradition to all parties in this case has well exceeded any other production made by Tradition in its over 150-year history, notwithstanding that it is not a party to this litigation. Now, certain of its executives are being demanded to be deposed by Plaintiffs. The burden to Tradition's on-going businesses has been substantial.

Respectfully submitted,

/s/ *William D. Briendel*

William D. Briendel

---

[3] Importantly, because Plaintiffs have now reached their cap on the costs they will pay, they have no incentive to limit or restrict discovery to Tradition.

The Honorable Paul A. Engelmayer
United States District Court Judge
September 14, 2018
Page 4.


cc:     Michael Eisenkraft, Esq. (via email)
        Cohen Milstein Sellers & Toll PLLC
        88 Pine Street, 14th Floor
        New York, York 10005
        [meisekraft@cohenmilstein.com]
        *Attorneys for Class Plaintiffs*