January 8, 2019

**Via ECF**

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:   *In re: Interest Rate Swaps Antitrust Litigation*, No. 16-MD-2704 (PAE)
       *This Document Relates To All Actions*

Dear Judge Engelmayer:

Pursuant to Order No. 56 (Dkt. No. 634), Counsel for Plaintiffs and Defendants jointly submit this letter to provide the Court with a brief summary of recent developments and to identify the participants on the teleconference with the Court scheduled for January 10, 2019.

**Recent Developments**

***Sufficiency of the Parties' Productions*:**  Following the Court's guidance, Plaintiffs identified additional examples of inter-Defendant communications that were produced by one or more Defendants but were withheld by other Defendants.  Those Defendants are reviewing the examples Plaintiffs identified and will meet and confer with Plaintiffs to discuss Plaintiffs' concerns.  Plaintiffs will determine whether to seek relief from the Court pending the conclusion of those discussions.

In the course of investigating the additional examples of documents Plaintiffs believe were improperly withheld, Bank of America discovered that certain documents that had been collected for review were not uploaded to its document review platform, and thus had not been reviewed or produced.  This issue involves a subset of the documents from eight Bank of America document custodians, including five who have already been deposed.  The parties are discussing how to address this issue.

***Privilege Logs*:**  The parties have continued to follow up on issues related to Defendants' privilege logs.  Although some Defendants have provided ongoing revisions to and retractions of privilege claims, Plaintiffs believe some other Defendants have declined to revise their logs or respond to Plaintiffs' concerns such that the parties are at impasse on particular issues.  Potential areas of dispute include membership information for distribution lists, re-review of claims involving large numbers of recipients, and information regarding claims of joint representation or common interest privilege.  Defendants believe they have been responding to Plaintiffs' concerns in good faith through the meet and confer process, and do not believe there is an impasse.

***Production of Text Messages*:**  The parties may have a dispute about Defendants' production of text messages.  Plaintiffs have learned that deponents from two Defendants exchanged text messages with each other during the discovery period, and have now asked all

Defendants to explain whether they preserved, collected, and reviewed potentially responsive text messages.  Defendants maintain that at no time during the parties' document production negotiations in late 2017 and early 2018 did Plaintiffs ever request that Defendants search telephone text messages, and also believe that, under the parties' May 25, 2018 agreement on the production of phone records, Defendants were not obligated to collect, review, and produce text messages.  Plaintiffs believe that the production of text messages was required by their document requests, and disagree with Defendants' interpretation of the phone records agreement, which Plaintiffs believe did not address this issue.  Depending on the outcome of the parties' discussions, Plaintiffs may raise this issue with the Court.

***Third-Party Discovery***:  Defendants served subpoenas on third parties Citadel and Citadel Securities on April 23, 2018.  Despite numerous meet and confer discussions with Citadel's outside counsel in which Defendants have agreed to tailor requests to agreed-upon custodians, time periods, and search terms, Citadel and Citadel Securities have not yet provided hit data nor produced any documents in response to Defendant requests, which was promised before the end of 2018.  While there is currently not a ripe dispute for the Court's consideration, Defendants are concerned with these entities' lack of progress.  Defendants are also seeking discovery of third parties Gottex Brokers SA and Continental Capital Markets SA through the Hague process.  On January 8, 2019, Defendants moved the Court for Letters of Request authorizing Defendants to seek this discovery in accordance with the Hague process.

***Depositions***:  For the Court's reference, the parties have included an update on the number of depositions that have been noticed and taken, which is attached as Appendix A.[1]  In sum, as of today, Plaintiffs have taken a total of 35 depositions of Defendants, and have noticed an additional 39.  Defendants have taken eight depositions of the Platform Plaintiffs, and have noticed 10 more.  Defendants intend to notice depositions for Class Plaintiffs after Class Plaintiffs' investment advisors—WAMCO and PIMCO—have completed their document productions in response to Defendants' subpoenas.

In addition, on December 12, Plaintiffs' counsel noticed the deposition of Theofilos Kotridis, the former Head of Strategic Principal Investments for Global Markets at Credit Suisse.  On January 4, Cahill Gordon & Reindel LLP (which represents the Credit Suisse Defendants) notified Plaintiffs' counsel that, while they do represent Mr. Kotridis, they are not authorized to accept service on Mr. Kotridis's behalf.  Accordingly, Plaintiffs anticipate that they will need to seek the Court's assistance in serving Mr. Kotridis via the Hague Convention.

***Modification of Protective Order***:  The parties have met and conferred over several weeks on the Platform Plaintiffs' request, joined by the Class Plaintiffs, that Defendants consent to a modification of the Protective Order (Dkt. No. 300) to allow the CEO of each Platform to view documents and deposition testimony Defendants have designated "Highly Confidential," in

---

[1] The parties have reached agreement in principle regarding a method for determining which depositions (including depositions of former employees) count against which Defendants for the purposes of the deposition cap.  The numbers in Appendix A reflect Plaintiffs' current view and are subject to change pending further discussion.

a controlled manner solely for the purpose of aiding Plaintiffs' counsel's understanding of the often complex or unfamiliar issues therein for deposition preparation and developing other confidential work product in these cases. Plaintiffs further believe at least some Defendants have over-designated their documents as "Highly Confidential." If the parties are not able to agree upon a reasonable modification to accommodate Plaintiffs' request, Plaintiffs will raise the issue with the Court.

*Motion for Leave to Amend*: Plaintiffs are available to address any questions the Court may have regarding the pending motion for leave to amend. Plaintiffs also wish to inform the Court that they are available to participate in oral argument if it would be of assistance to the Court.

**Conference Participants**

The participants for Plaintiffs will be Will Sears (Quinn Emanuel Urquhart & Sullivan LLP), Michael Eisenkraft (Cohen Milstein Sellers & Toll PLLC), and Randall Rainer (Wollmuth Maher & Deutsch LLP).

The participants for Defendants will be Richard Schwed (Shearman & Sterling LLP) and John Playforth (Covington & Burling LLP). Defendants will inform the Court tomorrow if a third speaker will be joining the call on behalf of Defendants.

Plaintiffs will provide the Court and Defendants with a dial-in number for the teleconference via email.

Respectfully submitted,

/s/ Daniel L. Brockett  
Daniel L. Brockett on behalf of  
Counsel for Plaintiffs

/s/ Adam S. Hakki (on consent)[2]  
Adam S. Hakki  
Defendants' Liaison Counsel

---

[2] Electronic signature provided with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions

**Appendix A**

| TOTAL DEFENDANT DEPOSITIONS | DEFENDANT DEPOSITIONS COMPLETED | DEFENDANT DEPOSITIONS NOTICED |
|---|---|---|
| Bank of America: 7 | Bank of America: 5 | Bank of America: 2 |
| Barclays: 7 | Barclays: 5 | Barclays: 2 |
| BNP Paribas: 5 | BNP Paribas: 2 | BNP Paribas: 3 |
| Citibank: 9 | Citibank: 4 | Citibank: 5 |
| Credit Suisse: 6 | Credit Suisse: 2 | Credit Suisse: 4 |
| Deutsche Bank: 9 | Deutsche Bank: 2 | Deutsche Bank: 7 |
| Goldman Sachs: 9 | Goldman Sachs: 2 | Goldman Sachs: 7[3] |
| JPMorgan: 7 | JPMorgan: 4 | JP Morgan: 3 |
| Morgan Stanley: 6 | Morgan Stanley: 4 | Morgan Stanley: 2 |
| RBS: 5 | RBS: 3 | RBS: 2 |
| UBS: 4 | UBS: 2 | UBS: 2 |
| **TOTAL: 74** | **TOTAL: 35** | **TOTAL: 39** |

| TOTAL PLAINTIFF DEPOSITIONS | PLAINTIFF DEPOSITIONS COMPLETED | PLAINTIFF DEPOSITIONS NOTICED |
|---|---|---|
| TeraExchange: 7 | TeraExchange: 2 | TeraExchange: 5 |
| Javelin: 10 | Javelin: 6 | Javelin: 4 |
| CTPF: 0 | CTPF: 0 | CTPF: 0 |
| LACERA: 0 | LACERA: 0 | LACERA: 0 |
| trueEx: 1 | trueEx: 0 | trueEx: 1 |
| **TOTAL: 18** | **TOTAL: 8** | **TOTAL: 10** |

| TOTAL THIRD-PARTY DEPOSITIONS | THIRD-PARTY DEPOSITIONS COMPLETED | THIRD-PARTY DEPOSITIONS NOTICED |
|---|---|---|
| Tradition: 2 | Tradition: 2 | Tradition: 0 |
| Bloomberg: 2 | Bloomberg: 0 | Bloomberg: 2 |

---

[3] The number of "noticed" depositions for Goldman Sachs is a function of scheduling issues and the fact that one deposition was postponed until after the motion for leave to amend is resolved to avoid disputes about the scope of permissible testimony.

| GFI Group: 2 | GFI Group: 0 | GFI Group: 2 |
| SwapEx: 3 | SwapEx: 0 | SwapEx: 3 |
| **TOTAL: 9** | **TOTAL: 2** | **TOTAL: 7** |