```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
IN RE:                                                        :
                                                              :    16-MD-2704 (PAE)
INTEREST RATE SWAPS ANTITRUST LITIGATION                      :    16-MC-2704 (PAE)
                                                              :
This Document Relates to All Actions                          :    ORDER
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/6/19

PAUL A. ENGELMAYER, District Judge:

On August 15, 2019, I notified counsel that, in light of the disclosure by defendants Bank of America, N.A., and affiliates that Berkshire Hathaway, Inc., had recently become a beneficial owner of greater than 10% of Bank of America's common stock, I was in the process of determining what if any action on my part was required under the law and the Judicial Code of Conduct given my family's ownership of stock in Berkshire Hathaway. Dkt. 842.

After consultation with the Committee on Codes of Conduct of the Judicial Conference of the United States, and after careful consideration, I have concluded that I must recuse, consistent with the Committee's published Advisory Opinion No. 57 (December 2017). As Advisory Opinion No. 57 reflects, the Committee's view is that a company's 10% ownership of stock in another company is a benchmark measure of parental control over a subsidiary, and that, in a case in which the subsidiary is a party, recusal (or divestiture) by a judge whose household has a legal or equitable interest in the parent is necessary, as the judge's impartiality in supervising the case could otherwise reasonably be questioned. Remittal procedures, applicable in certain circumstances to allow judges to continue presiding over a case, are not viable here.

Accordingly, with great regret, I am recusing myself from the MDL, effective immediately. This case will be reassigned promptly. All deadlines in the case—set prior to the recent development that has necessitated the Court's recusal—remain in place, with one

exception:  The Court adjourns the monthly telephonic status call between the Court and counsel scheduled for September 13, 2019, and the monthly status letter due in advance of that call.  In the unlikely event of a scheduling or similar dispute requiring immediate resolution prior to the assignment of a successor judge, counsel are directed to seek relief from the judge of this Court then sitting in Part I.

As a final word, I wish to thank and commend all counsel for their extraordinary work and professionalism in this important and complex case.  It has been an honor for me to preside over the case and a genuine privilege to be privy to such consistently excellent and committed advocacy.

SO ORDERED.

                                                                                           _____
                                                                                           Paul A. Engelmayer
                                                                                           United States District Judge

Dated: September 6, 2019
           New York, New York