**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

September 26, 2023

<u>Via ECF</u>

The Honorable J. Paul Oetken
United States District Court, Southern District of New York
40 Foley Square, Room 2101
New York, NY 10007

      Re:    *In re Interest Rate Swaps Antitrust Litig.*, No. 16-md-2704-JPO (S.D.N.Y.)

Dear Judge Oetken:

      I write on behalf of Defendants in response to Plaintiffs' supplemental authority letter, ECF No. 1048 ("Ltr."), regarding the class certification decision in *City of Philadelphia v. Bank of America Corp.*, No. 19-cv-1608 (JMF), slip op. (S.D.N.Y. Sept. 21, 2023), ECF No. 456 ("*VRDO*"). Contrary to Plaintiffs' claims, *VRDO* did not reject arguments "effectively identical" (Ltr. at 1) to those raised here. Rather, for the reasons detailed below, Judge Furman's *VRDO* opinion supports Defendants' arguments against certification given the different evidentiary record in this case.

      **Individualized Defenses to Plaintiffs' Purported Proof of Antitrust Impact.** Plaintiffs suggest that *VRDO* holds that certification is appropriate so long as "plaintiffs have put forth methodologies *capable* of proving impact on a class-wide basis," even where Defendants have demonstrated an ability to "disprove impact at trial on . . . [an] individual basis." Ltr. at 1. That assertion misstates both the *VRDO* opinion and the law.

      The Second Circuit has repeatedly rejected the contention that the plaintiff's evidence is the only evidence that matters under Rule 23: courts also "must consider potential defenses in assessing the predominance requirement." *Myers v. Hertz Corp.*, 624 F.3d 537, 551 (2d Cir. 2010); *accord Haley v. Tchrs. Ins. & Annuity Ass'n of Am.*, 54 F.4th 115, 123 (2d Cir. 2022) (vacating certification where district court "did not engage with the evidence that [defendant] submitted to substantiate the purported variations among the [proposed class members]"). Thus, even "[i]f the plaintiff demonstrates that class issues exist," class certification should be denied where, as here, defendants "invoke individualized issues and provide sufficient evidence that the individualized issues bar recovery on at least some claims, thus raising the spectre of class-member-by-class-member adjudication of the issue." *Van v. LLR, Inc.*, 61 F.4th 1053, 1067 (9th Cir. 2023); *see also In re Asacol Antitrust Litig.*, 907 F.3d 42, 58 (1st Cir. 2018) ("[A] class cannot be certified based on an expectation that the defendant will have no opportunity to press at trial genuine challenges to allegations of injury-in-fact.").

**COVINGTON**
September 26, 2023
Page 2

Plaintiffs next argue that *VRDO* indicates that individual inquiries into injury are relevant only if "the plaintiffs' own models show[] a significant number of class members were uninjured." Ltr. at 1. Not so. In *VRDO*, Judge Furman emphasized that the defendants "offer[ed] no counter-estimate of how many individualized inquiries would be required." *VRDO* at 24. The opposite is true here: Defendants have shown that, according to the but-for prices estimated by Plaintiffs' own expert, large numbers of class members were unharmed and that many would have paid higher prices in Plaintiffs' hypothetical but-for world. Defs.' Sur-Reply, ECF No. 891, at 8-9. Plaintiffs are therefore wrong to assert that Defendants failed to "conduct an analysis" showing unharmed class members. Ltr. at 2. The relevant question is whether there is "evidence that at least some class members lack meritorious claims" because of an individualized defense, "thus summoning the spectre of class-member-by-class-member adjudication." *Van*, 61 F.4th at 1069. Even a "small number" of examples is enough to make that showing, and such a showing bars class certification unless Plaintiffs can "prove[] by a preponderance of the evidence that . . . a class-member-by-class-member assessment of the individualized issue will be unnecessary or workable." *Id.* Plaintiffs have not made that showing.

Nor are Plaintiffs correct in suggesting that *Asacol* and *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 934 F.3d 619, 625 (D.C. Cir. 2019) ("*Rail Freight II*"), denied class certification only because "there was no dispute that significant numbers of class members were not injured." Ltr. at 2. As an initial matter, that point *was* disputed in *Rail Freight II*, where (as here) plaintiffs asserted that a combination of documentary evidence and quantitative analysis could "prove injury and causation on a class-wide basis." 934 F.3d at 626. The D.C. Circuit considered and resolved the dispute between the parties as to whether individual analysis would be necessary, holding that Supreme Court precedent did not "permit district courts considering class certification to defer questions about the number and nature of any individualized inquiries that might be necessary to establish liability." *Id.* In any event, it is simply not true that courts find that unharmed class members exist only if their existence is undisputed. Courts must consider both sides' evidence— not just Plaintiffs' evidence—and make their own independent assessment of whether unharmed class members exist and whether individual inquiries will be necessary to identify those class members. *See, e.g.*, *Goldman Sachs Grp., Inc. v. Ark. Tchr. Ret. Sys.*, 141 S. Ct. 1951, 1961 (2021) ("a court cannot conclude that Rule 23's requirements are satisfied without considering *all* evidence relevant" to that inquiry); *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 42 (2d Cir. 2006) ("*In re IPO*") ("A district judge is to assess *all* of the relevant evidence admitted at the class certification stage and determine whether each Rule 23 requirement has been met, just as the judge would resolve a dispute about any other threshold prerequisite for continuing a lawsuit." (emphasis added)).

Here, consideration of all of the relevant evidence requires that class certification be denied. Defendants have shown that they can raise large numbers of individualized challenges to the existence of injury at trial, including through class-member-specific evidence that (i) many class members' real-world prices were better than the prices they would have received in the but-for world, and (ii) many class members would not have used or benefitted from anonymous all-to-all trading. *See, e.g.*, Defs.' Opp., ECF No. 815, at 30-38, 53-59, 71-75; Defs.' Sur-Reply, ECF No. 891, at 5, 7-10. This showing is more than sufficient to "summon[] the spectre of class-

COVINGTON

September 26, 2023
Page 3

member-by-class-member adjudication," *Van*, 61 F.4th at 1069, and refutes any suggestion that this is a case in which the liability of only an "occasional" class member will be contested at trial, Ltr. at 1. Rather, the evidence shows that Defendants can raise plausible challenges to injury as to vast numbers of class members at trial. Plaintiffs have not identified any method of adjudicating these individualized challenges that is "truncated enough to ensure that the common issues predominate, yet robust enough to preserve the defendants' Seventh Amendment and due process rights to contest every element of liability and to present every colorable defense." *Rail Freight II*, 934 F.3d at 625; *see also VRDO* at 23 ("A class may be certified notwithstanding the need to adjudicate individual issues *so long as the proposed adjudication will be both administratively feasible and protective of defendants' Seventh Amendment and due process rights*." (emphasis added) (quoting *Asacol*, 907 F.3d at 52)).

**Assessment of All Evidence Regarding the Reliability of Plaintiffs' Models.** Plaintiffs also cite *VRDO* for the proposition that, when assessing the reliability of a model offered to satisfy a Rule 23 requirement, courts cannot consider evidence drawn from "outside the Plaintiffs' mod[e]l." Ltr. at 2. Plaintiffs again are incorrect.

Plaintiffs' citations do not support the counterintuitive proposition that the adequacy of an economic model can be assessed only from the perspective of the model itself. Indeed, in *VRDO*, Judge Furman considered evidence from outside the plaintiffs' model in determining whether the model generated false positives, and also recognized that "[f]alse positives can indeed be fatal to a model." *VRDO* at 14. To be sure, Judge Furman went on to conclude that the plaintiffs' model was admissible under *Daubert* despite the defendants' false positives argument, but that conclusion rested on the court's evaluation that the evidentiary record as a whole—including evidence drawn from outside the plaintiffs' model—did not support exclusion under *Daubert*. *Id.* at 14-16.

Here, assessment of the evidentiary record as a whole compels the conclusion that false positives are fatal to Plaintiffs' expert evidence. The dispositive question is whether Plaintiffs' purported proof of classwide injury generates "nonsensical results such as false positives, i.e., injury to class members who could not logically have been injured by a defendant's conduct." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 666 n.9 (9th Cir. 2022) (en banc) (citing *In re Rail Freight Surcharge Antitrust Litig.*, 725 F.3d 244, 252-55 (D.C. Cir. 2013) ("*Rail Freight I*")). The answer is yes. Plaintiffs' qualitative and quantitative expert evidence purports to show harm to all IRS transactions, but a large share of those transactions "could not logically have been injured," *Olean*, 31 F.4th at 666 n.9, because they were executed at zero spreads, negative spreads, or spreads lower than those that allegedly would have existed in the but-for world. Defs.' Sur-Reply, ECF No. 891, at 7-13. Far from rejecting Defendants' arguments, *VRDO* thus confirms that these false positives "shred the plaintiffs' case for certification." *Rail Freight I*, 725 F.3d at 252; *see also VRDO* at 14.

Plaintiffs also cite *VRDO*'s statement that the court "has not found[] any case in which a court looked at something other than a model itself to determine whether the model impermissibly masked uninjured plaintiffs." Ltr. at 2 (quoting *VRDO* at 16). If Plaintiffs construe this statement as suggesting that courts cannot consider a defendant's expert evidence when assessing whether a model masks uninjured plaintiffs, then they are construing the decision to conflict with controlling

COVINGTON
September 26, 2023
Page 4

precedent. The law is clear that courts must "consider[] *all* evidence relevant" to whether a plaintiff has satisfied the predominance requirement. *Goldman Sachs*, 141 S. Ct. at 1961; *accord, e.g.*, *Teamsters Loc. 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008) (requiring district courts "to assess all of the relevant evidence admitted at the class certification stage" (quoting *In re IPO*, 471 F.3d at 42)). Courts thus consider both sides' expert evidence when assessing such questions as whether a plaintiff's expert methodology masks uninjured class members. *See, e.g.*, *In re Lamictal Direct Purchaser Antitrust Litig.*, 957 F.3d 184, 194 (3d Cir. 2020) (vacating certification where district court failed to resolve an expert dispute about whether the plaintiffs' expert's methodology "mask[ed]" unharmed class members); *In re Aluminum Warehousing Antitrust Litig.*, 336 F.R.D. 5, 62 (S.D.N.Y. 2020) (finding uninjured class members in part because, "[w]hen [defendants' expert] used [plaintiffs' expert's] own regression variables to model directly what [plaintiffs' expert] modeled indirectly, he found that the all-in prices paid by over 50 percent of class members were unaffected" by the alleged conspiracy).

**Qualitative Evidence.** Plaintiffs claim that *VRDO* allows the Court to ignore the quantitative evidence demonstrating the existence of individual defenses in this case, and instead to rely wholly on qualitative evidence that purportedly establishes classwide impact. Ltr. at 2-3. *VRDO* in fact says no such thing. First, *VRDO* does not even address the question of whether qualitative evidence *alone* can prove classwide injury in a complex antitrust class action. To the contrary, the evidence before Judge Furman included regression models that estimated but-for prices, and Judge Furman explicitly stated that his class certification ruling turned "largely" on his assessment of these "expert models on class-wide impact." VRDO at 5; *see id.* at 23. Moreover, even the specific evidence cited in Plaintiffs' letter—Dr. Abrantes-Metz's market analysis— included "both qualitative and quantitative components." *Id.* at 17. Second, even assuming that there are *some* cases in which qualitative evidence alone might be sufficient, this case clearly is not one of them. *See* Defs.' Sur-Reply, ECF No. 891, at 2-7.

***Daubert* Analysis.** Plaintiffs finally suggest that *VRDO* supports denial of the *Daubert* motion directed at Dr. Grinblatt. Ltr. at 3-4. It does not. The cited portion of the *VRDO* opinion addressed challenges to the variables included in the plaintiffs' regression models. Judge Furman declined to exclude those models based on "squabbles" about variable selection "over which reasonable economists can (and apparently do) disagree." *VRDO* at 11; *see id.* at 12. The *VRDO* opinion's resolution of those squabbles over variable selection are wholly irrelevant to Defendants' *Daubert* motion, which is directed at the crucial and unsupported assumptions that Dr. Grinblatt made outside his model. *See* Defs.' *Daubert* Motion, ECF No. 818, at 1-3. In particular, Defendants demonstrated the unreliability of Dr. Grinblatt's (i) assumptions regarding the extent of spread compression, (ii) assumptions regarding the compression of spreads for off-SEF and uncleared IRS, and (iii) assumptions regarding the timing of spread compression. *See id.* The *VRDO* opinion sheds no light on those questions. *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 559 n.136 (S.D.N.Y. 2018) ("[T]he acceptance of regressions as a statistical method generally does not imply that all regressions will be admissible under *Daubert*.").

**COVINGTON**

September 26, 2023
Page 5

        Respectfully submitted,

        *s/ Robert D. Wick*
        Robert D. Wick

        *Counsel for the JPMorgan Defendants*