UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: INTEREST RATE SWAPS ANTITRUST LITIGATION<br><br>This Document Pertains To:<br><br>ALL CLASS ACTION CASES | MDL No. 2704<br>Master Docket No.<br>16 MD 2704 (JPO) |

**ORDER PRELIMINARILY PROVIDING FOR NOTICE TO THE SETTLEMENT CLASSES AND PRELIMINARILY APPROVING THE PLANS OF ALLOCATION**

WHEREAS, this matter has come before the Court by way of Plaintiffs' Motion for an Order Providing for Notice to the Settlement Classes and Preliminarily Approving the Plans of Allocation in connection with the Credit Suisse Settling Defendants and the Newly Settling Defendants,[1] together herein the "Settling Defendants."

WHEREAS, the above-captioned matter is a putative class action before this Court;

---

[1] The Bank of America Corporation; Bank of America, N.A.; Merrill Lynch, Pierce, Fenner & Smith Incorporated (n/k/a BofA Securities, Inc.); Barclays Bank PLC; Barclays Capital Inc.; BNP Paribas, S.A.; BNP Paribas Securities Corp.; Citigroup Inc.; Citibank, N.A.; Citigroup Global Markets Inc.; Citigroup Global Markets Limited; Deutsche Bank AG; Deutsche Bank Securities Inc.; The Goldman Sachs Group, Inc.; Goldman, Sachs & Co. LLC; Goldman Sachs Bank USA; Goldman Sachs Financial Markets, LP; Goldman Sachs International; JPMorgan Chase & Co.; JPMorgan Chase Bank, N.A.; J.P. Morgan Securities LLC; J.P. Morgan Securities plc; Morgan Stanley; Morgan Stanley Bank, N.A.; Morgan Stanley & Co. LLC; Morgan Stanley Capital Services LLC; Morgan Stanley Derivative Products Inc.; Morgan Stanley & Co. International plc; Morgan Stanley Bank International Limited; NatWest Group plc (f/k/a The Royal Bank of Scotland Group plc); NatWest Markets plc (f/k/a Royal Bank of Scotland plc); NatWest Markets Securities Inc. (f/k/a RBS Securities Inc.); UBS AG; and UBS Securities LLC defendants are referred to as the "Newly Settling Defendants."

WHEREAS, the Court has entered orders preliminarily approving the terms of the settlement agreements with the Credit Suisse Settling Defendants and the Newly Settling Defendants, preliminarily certifying the proposed Settlement Classes, preliminarily appointing Co-Lead Counsel for the Settlement Classes, and preliminarily appointing Class Representatives (the "Preliminary Approval Orders");

WHEREAS, the Court finds that the proposed forms for providing notice to the class, and the plan for providing notice to the plan, to be reasonable and rational; and

WHEREAS, the Court finds that the proposed Plans of Allocation are reasonable and rational and should be sent to members of the settlement classes for their review prior to the Fairness Hearing;

NOW, THEREFORE, this 10th day of October, 2024:

**IT IS HEREBY ORDERED** that:

1. Except for the terms expressly defined herein, the Court adopts and incorporates the definitions in the Settlement Agreements and the Preliminary Approval Orders.

2. The terms of the Plans of Allocation are preliminarily approved as within the range of reasonableness, fairness, and adequacy.

3. The Court understands that the Settling Defendants have complied with the notice requirements of the Class Action Fairness Act, 28 U.S.C. §1715.

4. Plaintiffs shall promptly inform the Court when it has received the Counterparty Lists owed to them under the Settlements, and shall therein request by letter that the Court provide a date for the Fairness Hearing.

5. 30 days from when the Court provides a date for the Fairness Hearing, Plaintiffs' notice program shall begin (the "Notice Date"). By no later than this time, the Settlement

Administrator shall cause copies of the long-form notice and the claim form, in the form (without material variation) of Exhibits 1 and 2 to the Declaration of Daniel Brockett, dated September 19, 2024 ("Brockett Declaration"), to begin being mailed by United States first class mail, postage prepaid, as described in Paragraph 13 of the Declaration of Cameron R. Azari, dated September 19, 2024.

6.      As of the Notice Date, the Settlement Administrator shall also establish and maintain a website beginning no later than the first date of mailing notice to the Class and remaining until the termination of the administration of the Settlements. The website shall identify important deadlines, provide answers to frequently asked questions, and include copies of the Settlement Agreements (including exhibits), this Order, the mailed and summary notices, the motions for preliminary approval and all exhibits attached thereto, and the motion for issuance of the class notice plan and preliminary approval of the allocation plan. The website may be amended as appropriate during the course of the administration of the Settlement. The website shall be searchable on the Internet.

7.      The Settlement Administrator shall maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to speak to live operators or to leave messages in a voicemail box.

8.      As close to within 10 days after the Notice Date as possible given submission and publication cycles in the chosen medium, the Settlement Administrator shall cause to be published a Summary Notice, without material variation from the summary notice attached as Exhibit 3 to the Brockett Declaration.

9.      The Court approves, in form and substance, the long-form notice, the summary

notice, the claim form, and the website as described herein. The notice program specified herein (i) is the best notice practicable; (ii) is reasonably calculated, under the circumstances, to apprise members of the Settlement Classes of the pendency and status of this Action and of their right to object to or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, Due Process, and any other applicable rules or laws.

10. Concurrent with the motion for final approval of the Settlements, and with any subsequent updates as necessary, Co-Lead Counsel shall file or cause to be filed a sworn statement attesting to the compliance with the paragraphs in this Order governing the provision of notice.

11. Any member of the Settlement Classes and any governmental entity that objects to the fairness, reasonableness, or adequacy of any term or aspect of either Settlement, the Plan of Allocation, the application for attorneys' fees and expenses and any service awards, or the Final Approval Order and Final Judgment for either Settlement, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Fairness Hearing and present evidence or argument that may be proper and relevant. However, except for good cause shown, no person other than Co-Lead Counsel and Settling Defendants' counsel shall be heard and no papers, briefs, pleadings, or other documents submitted by any member of a Settlement Class or any governmental entity shall be considered by the Court unless, not later than 60 days after the Notice Date (the "Objection Deadline"), the member of a Settlement Class or the governmental entity files with the Court (and serves the same on or before the date of such filing by hand or overnight mail on the Co-Lead Counsel and counsel of record for Settling Defendants) a

statement of the objection, as well as the specific legal and factual reasons for each objection, including all support that the objecting member of a Settlement Class or the governmental entity wishes to bring to the Court's attention and all evidence the objector wishes to introduce in support of his, her, or its objection or motion. Such submission must contain: (1) a heading that refers to this Action by case name and case number; (2) the specific legal and factual basis for each objection, including identifying which Settlement Class or Classes the objection pertains to, and whether the objection applies to the objecting person, a specific subset of a Class or the entire such Class or Classes; (3) a statement of whether the objecting person or entity intends to appear at the Fairness Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, and telephone number; (4) a description of any and all evidence the objecting person or entity may offer at the Fairness Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses; all exhibits intended to be introduced at the Fairness Hearing; and documentary proof of the objecting person's membership in the Settlement Class; (5) a description of the qualifying interest rate swap transactions entered into by the member of a Settlement Class that fall within the relevant Settlement Class definition(s); and (6) a list of other cases in which the objector or counsel for the objector has appeared either as an objector or counsel for an objector in the last five years. Persons who have timely submitted a valid Request for Exclusion are not members of the Settlement Class they excluded themselves from, and are not entitled to object to any aspect of that Settlement.

12. Any objection to the Settlement submitted by a member of the Settlement Class pursuant to paragraph 11 of this Order must be signed by the member of the Settlement Class (or his, her, or its legally authorized representative), even if the member of the Settlement Class is

5

represented by counsel. The right to object to a proposed Settlement must be exercised individually by a member of the Settlement Class or the Person's attorney, and not as a member of a group, class, or subclass, except that such objections and may be submitted by a member of a Settlement Class's legally authorized representative.

13. Any member of a Settlement Class or governmental entity that fails to object in the manner described in paragraphs 11-12 of this Order shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding related to or arising out of the relevant Settlement(s).

14. The Settlement Administrator shall furnish Co-Lead Counsel and counsel for Settling Defendants with copies of any and all objections, notices of intention to appear, and other objection-related communications that come into its possession (except as otherwise expressly provided in the Settlement Agreement) within one business day of receipt thereof.

15. Any Request for Exclusion from the Settlement by a member of a Settlement Class must be sent in writing by U.S. first class mail to the Settlement Administrator at the address in the mailed notice and received no later than 60 days after the Notice Date (the "Exclusion Bar Date"). Any Request for Exclusion must contain the following information: (a) the name, address, and telephone number of the member of the Settlement Class; (b) a list of all trade names or business names that the member of the Settlement Class requests to be excluded; (c) the name of this Action; (d) a statement certifying such person is a member of the Settlement Class(es) the exclusion request pertains to; (e) proof of membership in the relevant Settlement Class(es), including documentation evidencing IRS Transactions with the Defendants during the relevant Settlement Class Period; and (f) a statement that "I/we hereby request that I/we be excluded from the Settlement Class as it relates to" either the "Credit Suisse Settlement

6

Agreement in the *In re: Interest Rate Swaps Antitrust Litigation*," the "New Settlement Agreement in the *In re: Interest Rate Swaps Antitrust Litigation*," or "both the Credit Suisse Settlement Agreement and the New Settlement Agreement in the *In re: Interest Rate Swaps Antitrust Litigation*."

16. Unless the Court determines otherwise, a Request for Exclusion shall not be effective unless it provides all of the information listed in paragraph 15 of this Order, complies with this paragraph 15, and is received by the Exclusion Bar Date, as set forth in the Class Notice. If a member of a Settlement Class is unable or unwilling to disclose transaction information or other information required in paragraph 15, the Request for Exclusion must include a concise statement explaining why that member is unable or unwilling to do so and explain why that member should nonetheless be excluded; the Court will determine the effectiveness of such a Request for Exclusion on an individual basis. Any Request for Exclusion from a Settlement submitted by a member of that Settlement Class pursuant to paragraph 15 of this Order must be signed by the member of the Settlement Class (or his, her, or its legally authorized representative). The right to be excluded from a proposed Settlement must be exercised individually by a member of the Settlement Class or his, her, or its attorney, and not as a member of a group, class, or subclass, except that a Request for Exclusion may be submitted by a member of a Settlement Class's legally authorized representative. The Parties may request leave of the Court to seek discovery from any member of a Settlement Class who submits any Request for Exclusion.

17. Any member of a Settlement Class who does not submit a timely and valid written Request for Exclusion from that Settlement Class shall be bound by all proceedings, orders, and judgments in the Action, even if the member of the Settlement Class has previously

initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such member of the Settlement Class never received actual notice of the Action or the proposed Settlements.

18. The Settlement Administrator shall provide Co-Lead Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests) and any written revocations of Requests for Exclusion as soon as possible after receipt by the Settlement Administrator and, in any event, within one business day after receipt by the Settlement Administrator. Co-Lead Counsel shall provide copies to counsel for the relevant Settling Defendants as soon as possible upon receipt, but in any event within five business days of their receipt.

19. The Settlement Administrator shall maintain a log of all Requests for Exclusion, copies of which should be made available for Co-Lead Counsel or counsel for the relevant Settling Defendants upon request.

20. In addition, within 5 business days after the Exclusion Bar Date, the Settlement Administrator shall prepare and provide to Co-Lead Counsel an opt-out list identifying all Persons, if any, who submitted a timely and valid Request for Exclusion from each Settlement Class, as provided in the Settlement Agreement, and an affidavit attesting to the accuracy of the opt-out list. The affidavit(s) should be promptly provided to the relevant Settling Defendants, and shall be filed with the Court prior to the Fairness Hearing. Within 20 business days of receipt of the affidavit, Settling Defendants shall notify Co-Lead Counsel of whether they intend to request relief under paragraph 9.4 (Credit Suisse Agreement)/10.2 (New Settlement Agreement) based on volume of requests for exclusion. If such relief is requested, the parties shall promptly notify the Court including so that changes to the schedule herein may be

considered.

21.     All Proof of Claim and Release forms shall be submitted by members of the Settlement Classes to the Settlement Administrator as directed in the mailed notice and must be postmarked no later than 90 days after the Notice Date (the "Claims Deadline").

22.     To effectuate the Settlements and the notice provisions, the Settlement Administrator shall be responsible for: (a) establishing a P.O. Box (to be identified in the mailed notice and the publication notice), a toll-free interactive voice response telephone system and call center, and an email account and website for the purpose of communicating with members of the Settlement Classes; (b) effectuating the Class Notice plan, including by running potential members of the Settlement Class's addresses through the National Change of Address Database to obtain the most current address for each person; (c) accepting and maintaining documents sent from members of the Settlement Class, including Proof of Claim and Release forms, and other documents relating to the Settlement and its administration; (d) administering claims for allocation of funds among members of the Settlement Classes; (e) determining the timeliness of each Proof of Claim and Release submitted by members of the Settlement Classes, and the adequacy of the supporting documents submitted by members of the Settlement Classes; (f) corresponding with members of the Settlement Classes regarding any deficiencies in their Proof of Claim and Release forms and regarding the final value of any allowed claim; (g) calculating each Authorized Claimant's allowed claim pursuant to the Plan of Allocation; (h) determining the timeliness and validity of all Requests for Exclusion received from members of the Settlement Classes; (i) preparing the opt-out list and an affidavit attaching and attesting to the accuracy of such list, and providing same to Co-Lead Counsel and counsel for Settling Defendants; and (j) providing Co-Lead Counsel and counsel for Settling Defendants with copies

of any Requests for Exclusion (including all documents submitted with such requests).

23.     The Settlement Administrator shall maintain a copy of all paper communications related to each Settlement for a period of one year after distribution of the relevant Net Settlement Fund defined in the Settlement Agreements ("Net Settlement Fund"), and shall maintain a copy of all electronic communications related to the Settlements for a period of three years after distribution of the relevant Net Settlement Fund, after which time all such materials shall be destroyed, absent further direction from the Parties or the Court.

24.     All reasonable expenses incurred in preparing and providing the Settlement Class Notice and paying other administrative expenses shall be paid from the Settlement Funds, as set forth in the Settlement Agreements.  In the event the Court does not approve the Settlement Agreements, or if the Settlement Agreements are terminated or otherwise fail to become effective or final, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or disbursed pursuant to Paragraph 8(a) Settlement Agreements.

25.     Co-Lead Counsel shall file their motions for payment of attorneys' fees and reimbursement of expenses, service awards, and for final approval of the Settlements and Plans of Allocation by 30 days after the Notice Date, and any reply papers (which may include a response to objections, if any) shall be filed by 21 days after the Claims Deadline.

26.     A hearing will be held on a date of the Court's convenience at a date and time to be set pursuant to the process discussed in paragraphs 4-5 above, in Courtroom 706 of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlements (the "Fairness Hearing").  The date, time, and place of the Fairness Hearing shall be set forth in the Class Notice, which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to the members of the Settlement Classes, other than

that which may be posted at the Court or on the Settlement website at www.InterestRateSwapsAntitrustLitigation.com. The Court reserves the right to conduct the Fairness Hearing remotely.

27. The Court reserves the right to approve or modify the Settlements, the Plans of Allocation, the fee and expense applications, or any other matter relating to the Settlements at or after the Fairness Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Classes.

28. The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to members of the Settlement Classes, other than that which may be posted at the Court or on the Settlement website.

29. Unless otherwise specified, the word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

**IT IS SO ORDERED.**

DATED: October 10, 2024

_____
J. PAUL OETKEN
United States District Judge

The Clerk of Court is requested to close the motion at Docket No. 1093