UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE INTEREST RATE SWAPS ANTITRUST LITIGATION<br><br>This Document Pertains To:<br><br>ALL CLASS ACTIONS | MDL No. 2704<br>Master Docket No. 16 MD 2704 (JPO)<br><br>FINAL JUDGMENT REGARDING THE NEWLY SETTLING DEFENDANTS<br><br>Hon. J. Paul Oetken |

This matter came before the Court for hearing pursuant to Plaintiffs'[1] application for final approval of the settlement set forth in the Stipulation and Agreement of Settlement with Bank of America Corporation; Bank of America, N.A.; Merrill Lynch, Pierce, Fenner & Smith Incorporated (n/k/a BofA Securities, Inc.); Barclays Bank PLC; Barclays Capital Inc.; BNP Paribas, S.A.; BNP Paribas Securities Corp.; Citigroup Inc.; Citibank, N.A.; Citigroup Global Markets Inc.; Citigroup Global Markets Limited; Deutsche Bank AG; Deutsche Bank Securities Inc.; The Goldman Sachs Group, Inc.; Goldman, Sachs & Co. LLC; Goldman Sachs Bank USA; Goldman Sachs Financial Markets, LP; Goldman Sachs International; JPMorgan Chase & Co.; JPMorgan Chase Bank, N.A.; J.P. Morgan Securities LLC; J.P. Morgan Securities plc; Morgan Stanley; Morgan Stanley Bank, N.A.; Morgan Stanley & Co. LLC; Morgan Stanley Capital Services LLC; Morgan Stanley Derivative Products Inc.; Morgan Stanley & Co. International plc; Morgan Stanley Bank International Limited; NatWest Group plc (f/k/a The Royal Bank of

---

[1] Plaintiffs are the Los Angeles County Employees Retirement Association and the Public School Teachers' Pension and Retirement Fund of Chicago.

Scotland Group plc); NatWest Markets plc (f/k/a Royal Bank of Scotland plc); NatWest Markets Securities Inc. (f/k/a RBS Securities Inc.); UBS AG; and UBS Securities LLC (the "Settling Defendants" and with Plaintiffs the "Settling Parties"), dated June 10, 2024 (the "Settlement Agreement"). The Court has considered all papers filed and proceedings held herein and is fully informed of these matters. For good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment and Order of Dismissal incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined, herein shall have the same meanings as in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

4. Based on the record before the Court, including the Preliminary Approval Order, the submissions in support of the settlement between Plaintiffs, for themselves individually and on behalf of each Settlement Class Member in the Action, and the Settling Defendants, and any objections and responses thereto, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure the Court hereby certifies solely for settlement purposes the following Settlement Class:

> all persons or entities who, directly or through an agent, entered into one or more U.S. IRS Transactions with any Defendant during the Settlement Class Period. Excluded from the Settlement Class are Defendants and their officers, directors, management, employees, and current subsidiaries or affiliates. Also excluded are any entities registered as "swap" dealers with the Commodity Futures Trading Commission ("CFTC") during the Class Period, the United States Government, and all of the Released Settling Defendant Parties, provided, however, that Investment Vehicles shall not be excluded from the definition of the Settlement Class. For

the avoidance of doubt, any entities that are excluded by virtue of having been registered or provisionally registered as swap dealers are only excluded during the period of such registration.

5. The requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, solely for settlement purposes, as follows: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class in the Action is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

6. The law firms of Quinn Emanuel Urquhart & Sullivan, LLP, and Cohen Milstein Sellers & Toll PLLC, are appointed, solely for settlement purposes, as Co-Lead Counsel for the Settlement Class.

7. Plaintiffs the Los Angeles County Employees Retirement Association and the Public School Teachers' Pension and Retirement Fund of Chicago are appointed, solely for settlement purposes, as class representatives for the Settlement Class.

8. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement set forth in the Settlement Agreement on the basis that the settlement is fair, reasonable, and adequate as to, and in the best interests of, all Settlement Class

Members, and is in compliance with all applicable requirements of the Federal Rules of Civil Procedure. In reaching this conclusion, the Court considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) and those in *Moses v. N.Y. Times Company*, 79 F.4th 235, 242-46 (2d Cir. 2023). Moreover, the Court concludes that:

(a) The Settlement set forth in the Settlement Agreement was fairly and honestly negotiated by counsel with significant experience litigating antitrust class actions and other complex litigation and is the result of vigorous arm's-length negotiations undertaken in good faith;

(b) This Action involves numerous contested and serious questions of law and fact, such that the value of an immediate monetary recovery outweighs the mere possibility of future relief after protracted and expensive litigation;

(c) Success in complex cases such as this one is inherently uncertain, and there is no guarantee that continued litigation would yield a superior result; and

(d) The Settlement Class Members' reaction to the Settlement set forth in the Settlement Agreement, including the minimal number of opt-outs and the absence of any objections to the Settlement, is entitled to great weight.

9. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class ("Opt-Outs"), the Action and all claims contained therein, as well as all of the Released Class Claims, against Settling Defendants and Released Settling Defendant Parties by the Plaintiffs and Releasing Class Parties are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement and the orders of this Court.

10. The Opt-Outs identified in Exhibit 1 hereto have timely and validly requested exclusion from the Settlement Class and are excluded from the Settlement Class for all purposes, are not bound by this Final Judgment and Order of Dismissal, and may not make any claim or receive any benefit from the Settlement Agreement or any other settlement that class members were notified were being jointly administered together in this way from which members of Settlement Class are entitled to recover.

11. Upon the Effective Date: (i) Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Settling Defendant Parties (whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form) any and all Released Class Claims (including, without limitation, Unknown Claims); and (ii) Plaintiffs and each of the Settlement Class Members and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance or prosecution of any of the Released Class Claims against any Released Settling Defendant Parties in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind.  This Final Judgment and Order of Dismissal shall not affect in any way the right of Plaintiffs or Releasing Class Parties to pursue claims, if any, outside the scope of the Released Class Claims.  Claims to enforce the terms of the Settlement Agreement are not released.

12. Upon the Effective Date, each of the Releasing Settling Defendant Parties: (i) shall be deemed to have, and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel from any and all Released Defendants'

Claims (including, without limitation, Unknown Claims); and (ii) shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance, or prosecution against any counsel for Plaintiffs and Settlement Class Members in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Defendants' Claims.  This Final Judgment and Order of Dismissal shall not affect in any way the right of Settling Defendants or Releasing Settling Defendant Parties to pursue claims, if any, outside the scope of the Released Defendants' Claims.  Claims to enforce the terms of the Settlement Agreement are not released.

13.     Upon the Effective Date, any claims for contribution, indemnification, or similar claims from other Defendants in the Action against any of the Released Settling Defendant Parties, arising out of or related to the Released Class Claims, are barred in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply to any claims for contribution, indemnification, or similar claims against any of the Released Settling Defendant Parties.

14.     All rights of any Settlement Class Member against (i) any of the other Defendants currently named in the Action; (ii) any other Person formerly named in the Action; or (iii) any alleged co-conspirators or any other Person subsequently added or joined in the Action, other than Settling Defendants and Released Settling Defendant Parties with respect to Released Class Claims, are specifically reserved by Plaintiffs and the Settlement Class Members.

15.     The mailing and distribution of the Notice to all members of the Settlement Class who could be identified through reasonable effort and the publication of the Summary Notice satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process,

constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.

16. The Court's consideration and approval of the Settlement is independent of the Court's consideration and approval of the Plans of Allocation, the fee awards, the expense awards, and the service awards, except that the Court has examined Plaintiffs' proposals for each and determined each separately and confirmed that the Settlement is fair and reasonable in light of the Court's Orders respecting awards and Plans of Allocation filed contemporaneously herewith. Any appeal or challenge respecting any award or Plan of Allocation shall in no way disturb or affect the finality of this Final Judgment.

17. Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Class Claim, or of any wrongdoing or liability of the Released Settling Defendant Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Settling Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Settlement Agreement may be filed in an action to enforce or interpret the terms of the Settlement Agreement, the Settlement contained therein, and any other documents executed in connection with the performance of the Settlement embodied therein. The Released Settling Defendant Parties may file the Settlement Agreement and/or this Final Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit,

release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Without affecting the finality of this Final Judgment and Order of Dismissal in any way, this Court retains continuing and exclusive jurisdiction over: (a) implementation of the Settlement set forth in the Settlement Agreement; (b) any award, distribution, or disposition of the Settlement Fund, including interest earned thereon; (c) hearing and determining applications for attorneys' fees, costs, expenses including expert fees, and incentive awards; and (d) all Settling Parties, Released Parties, and Releasing Parties for the purpose of construing, enforcing, and administering the Settlement Agreement.

19. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Final Judgment and Order of Dismissal shall be rendered null and void and shall be vacated. In such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Settling Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, the Settling Parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered; provided, however, that in the event of termination of the Settlement, Paragraphs 8.3, 10.3, 10.4, 11.4, and 11.5 of the Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force.

20. This Final Order and Judgment incorporates the entire Settlement Agreement including all Exhibits and the Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions.

21.     The Settling Parties are directed to consummate the Settlement according to the terms of the Settlement Agreement.  Without further Court order, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

22.     There is no just reason for delay in the entry of this Final Judgment and Order of Dismissal.  The Clerk of the Court is directed to enter this Final Judgment and Order of Dismissal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure immediately.

The Clerk of Court is directed to spread this Order to all related actions.

 IT IS SO ORDERED.

DATED:  July 17, 2025

_____
J. PAUL OETKEN
United States District Judge

**Exhibit 1 – Excluded from New Settlement Class**

1. Sonia Sotomayor
2. United States International Development Finance Corporation
3. Taiwan Cooperative Bank, Ltd.
4. Blackbird Purchaser, Inc.
5. Ohio Transmission Corporation
6. OTC Industrial Technologies
7. Falcon Real Estate BEL S.à r.L.
8. International Olympic Committee