March 9, 2026

**Via ECF**

The Honorable J. Paul Oetken
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2101
New York, NY 10007

    Re:    *Sealing and Redaction Procedures, In re: Interest Rate Swaps Antitrust Litigation*, No. 16-md-2704-JPO

Dear Judge Oetken:

    We write on behalf of all Parties regarding Defendants' forthcoming motion for summary judgment and the Parties' forthcoming omnibus Rule 702/*Daubert* expert exclusion motions (the "Motions"), which are due to be filed on March 12, 2026. *See* ECF No. 1237. Because the Motions and their respective memoranda of law and exhibits contain confidential materials, pursuant to Rule 6(C)(ii) of Your Honor's Individual Rules and Practices in Civil Cases, the Parties jointly respectfully request leave to provisionally file certain documents under seal.

    The Parties request leave to initially file under seal memoranda of law in support of the Motions, Defendants' Rule 56.1 statement(s), and certain exhibits in support of the Motions.[1] These materials are or rely upon or reference documents, testimony, or data that is designated as Confidential or Highly Confidential pursuant to the Stipulated Protective Order. *See* ECF No. 300 at 2–3. Filing the memoranda of law and Rule 56.1 statement(s) under seal in the first instance will help avoid over-redacted submissions. Without initial sealing, the Parties would be required to redact based on guesswork as to the other Parties and third parties' confidentiality positions before meeting and conferring, as discussed below, likely resulting in excessive redactions and the inefficiency of having to propose revised sets of redactions. The Court has previously allowed sealing for certain of the exhibits that will be filed in support of the Motions and, to the extent the Parties rely on their own documents, data, or testimony that were not previously publicly filed, the Parties will endeavor to make protective determinations consistent with the Court's prior approvals regarding the categories of documents appropriate for such treatment.[2] To the extent that the Parties rely upon documents, data, or testimony other than their own, the Parties will treat the materials consistent with the requirements of the Stipulated Protective Order.

    After filing the materials under seal, the Parties will meet and confer, including with third parties as necessary (consistent with Rule 6(C)(i) of Your Honor's Individual

---

[1] The Parties also respectfully request that the same procedure be permitted for opposition and reply submissions and supporting exhibits, as appropriate.

[2] *See, e.g.*, ECF No. 868 (specifying categories of Plaintiffs', Defendants', and third parties' materials warranting redaction).

Rules and Practices in Civil Cases), in an effort to reach agreement on the scope of sealing and redactions, with the intention of narrowing the scope to the extent possible. Within 30 days of any such filing, the Parties will submit proposed redactions and/or materials to remain under seal for Court approval.

This request is consistent with the procedures approved by the Court at earlier stages of the litigation for such materials. *See, e.g.*, ECF No. 882 (allowing the parties to "provisionally file their papers under seal with a deadline for the parties to agree on redactions" for *Daubert* briefing referencing Confidential and Highly Confidential materials at the class certification stage); ECF No. 849 (same as to class certification briefing).[3]

We appreciate the Court's consideration of this request.

Respectfully submitted,

| | | |
|---|---|---|
| */s/ Staci Yablon* | */s/ Matthew L. Schwartz* | */s/ Robert P. Cummins* |
| Staci Yablon | Matthew L. Schwartz | Robert P. Cummins |
| **Paul, Weiss, Rifkind, Wharton & Garrison LLP** | **Boies Schiller Flexner LLP** | **The Cummins Law Firm P.C.** |
| *Counsel for the Goldman Sachs Defendants on behalf of all Defendants* | *Counsel for Plaintiff trueEX LLC* | *Counsel for Plaintiff Javelin Capital Markets LLC* |

*/s/ Randall R. Rainer*
Randall R. Rainer

**Wollmuth Maher & Deutsch LLP**

*Counsel for Plaintiffs Javelin Capital Markets LLC; Tera Group, Inc.; Tera Advanced Technologies, LLC; and TeraExchange, LLC*

cc:    All Counsel of Record (by ECF)

---

[3] This request is also consistent with the Stipulated Protective Order entered in this case, which requires "Protected Material," meaning materials designated as Confidential or Highly Confidential, or "any papers containing or making reference to the substance of such material or information," to be filed "in redacted form or under seal." ECF No. 300 at 2–3, 19–20.